## CITY OF CHICAGO et al. v. FOX FILM CORPORATION.

(Circuit Court of Appeals, Seventh Circuit. March 8, 1918. Rehearing Denied June 4, 1918.)

### No. 2542.

1. APPEAL AND ERROR ☞954(1)—ORDER PENDENTE LITE—REVERSAL.

A pendente lite injunctional order will not be reversed, unless there is an abuse of discretion, which can only appear from an obvious misunderstanding of the facts, or the palpable misapplication of well-settled rules of law by the trial judge.

2. THEATERS AND SHOWS ☞1—PERMIT TO EXHIBIT PICTURE—DISCRETION OF SUPERINTENDENT OF POLICE—ORDINANCE.

Harmful impression on minds of children of picture to which superintendent of police refuses permit for exhibition, pursuant to Chicago Code of Ordinances of 1911, § 1627, as amended July 2, 1914, must be an impression caused by obscenity or other forbidden characteristic, not an impression which superintendent, on nonlegislatively defined grounds, may deem harmful to children.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Fox Film Corporation against the City of Chicago and others. From an order refusing to dissolve a pendente lite injunction (247 Fed. 231), defendants appeal. Affirmed.

Chester E. Cleveland and Leon Hornstein, both of Chicago, Ill., for appellants.

Charles P. Schwartz, of Chicago, Ill., for appellee.

Before BAKER, KOHLSAAT, and EVANS, Circuit Judges.

BAKER, Circuit Judge. This appeal from an order refusing to dissolve a pendente lite injunction involves the construction and application of the following provisions of the ordinances of Chicago:

"Sec. 1627. If a picture or series of pictures for the showing or exhibition of which an application for a permit is made, is immoral or obscene, or por-

trays any riotous, disorderly or other unlawful scene, or has a tendency to disturb the public peace, it shall be the duty of the general superintendent of police to refuse such permit; otherwise it shall be his duty to grant such permit."

Section 1 of amendatory ordinance of July 2, 1914: "That in all cases where a permit for the exhibition of a picture or series of pictures has been refused under the provisions of section 1627 of the Chicago Code of 1911, as amended, because the same tends towards creating a harmful impression on the minds of children where such tendency as to the minds of adults would not exist if exhibited to persons of mature age, the general superintendent of police may grant a special permit limiting the exhibition of such picture or series of pictures to persons over the age of twenty-one years: Provided, such picture or pictures are not of such character as to tend to create contempt or hatred for any class of law-abiding citizens."

Appellants refused to grant a permit under section 1627 for the exhibition of appellee's moving picture, "The Spy," but offered a permit "for adults only" under amendatory section 1.

From the pleadings and affidavits, the following may be accepted as the situation, pending final hearing: The photoplay depicts a young American's efforts to obtain in Germany the list of German spies in America, his capture, torture and death at the hands of a firing squad. There is nothing obscene or immoral; no portrayal of any riotous, disorderly, or other unlawful (noscitur a sociis) scene; nothing tending to disturb the public peace; but the action of the play, where great drops of sweat stand out on the face and chest of the hero as he endures torture and faces death, is too harrowing, in the honest judgment of the city's administrators, for the sensibilities of minors; and for that reason, and that alone, the permit under section 1627 was refused.

[1, 2] A pendente lite injunctional order will not be reversed unless there was an abuse of discretion; and this can only appear from an obvious misunderstanding of the facts or a palpable misapplication of well-settled rules of law on the part of the trial judge. The only misapprehension we find in the case is that of the city's administrator with respect to the discretion committed to him by the ordinances. Section 1627 sets up a standard, but allows no discretion. If a photoplay conforms to that standard, "it shall be his duty to grant such permit." If it does not, he must refuse the permit. In deciding the question of fact the trier must of course take the viewpoint of old and young, wise and foolish, learned and ignorant; but a picture either is or is not obscene, by the one standard, including all the public. Amendatory section 1 brings in the matter of discretion. If a permit under section 1627 is refused, the administrator nevertheless "may grant a special permit," limiting the exhibition to adults. The discretion goes only to permitting a nonconforming picture to be exhibited to adults on the administrator's belief that such exhibition would not undermine the settled moral and peaceful character of adults. The "harmful impression on the minds of children" must be an impression caused by the obscenity or other forbidden characteristic of the picture —not an impression which the administrator on nonlegislatively defined grounds may deem harmful to them. Since Euripides' time it has been mooted, in the dramatic and other arts, how far the depiction of terror and anguish may properly be employed for the purification

of the passions of the observer. If the glycerine tears and beads of sweat of the moving picture art are too horrifying for children, it was not for the administrator of these ordinances to say so; it must first be declared by the lawmaking body—if constitutional restrictions permit.

The order is affirmed.