## OWEN v. PERKINS OIL WELL CEMENTING CO.

(Circuit Court of Appeals, Ninth Circuit. November 10, 1924.)

No. 4275.

**Patents ⬅308—Refusal to dissolve preliminary injunction held not abuse of discretion.**

In suit for infringement of patent, court's refusal to dissolve preliminary injunction 15 months after injunction was granted, and after defendant had been adjudicated in contempt for violation thereof, and after court had fully considered question of whether defendant's methods constituted infringement of plaintiff's patent, *held* not abuse of discretion.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California.

Action by the Perkins Oil Well Cementing Company against J. M. Owen. From a decree refusing to resolve preliminary injunction, defendant appeals. Affirmed.

See, also, 293 F. 455, 759.

Ernest L. Wallace and Joseph F. Westall, both of Los Angeles, Cal., for appellant.

Frederick S. Lyon, Leonard S. Lyon, and Henry S. Richmond, all of Los Angeles, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. On the 27th day of August, 1923, a preliminary injunction was granted in a suit instituted by the appellee for infringement of letters patent for a method of cementing oil wells. On March 3, 1924, the appellant was adjudged guilty of contempt for a violation of the in-

junction thus granted, and soon thereafter moved the court to dissolve the preliminary injunction, as interpreted and construed on the hearing of the contempt proceeding. The motion was denied, and the present appeal is prosecuted from the interlocutory order or decree refusing to dissolve the injunction. The principal controversy in the case arises out of the second claim of the patent, which reads as follows:

"The method of cementing oil wells which consists of forcing cement down through the regular well casing by means of water pressure, the water being separated from the cement by a suitable barrier, forcing the cement up outside the casing, and holding the cement in position under the water pressure until the cement hardens."

The appellant contends that the method employed by him does not infringe, first, because he uses mud instead of water; second, because he does not use a barrier to separate the water from the cement; and, third, because he does not hold the cement in position under water pressure until the cement hardens.

These several contentions were fully considered by the court below on the hearing of the application for a preliminary injunction, and on the hearing of the proceeding for contempt, and after such consideration that court reached the conclusion that the changes thus made did not change the method described in the patent or obviate the charge of infringement. The question before us now is, not the correctness of that ruling, but did the court abuse its discretion in granting the preliminary injunction, or in refusing to dissolve it?

"The granting or dissolution of an interlocutory injunction rests in the sound judicial discretion of the court of original jurisdiction, and, where that court has not departed from the rules and principles of equity established for its guidance, its orders in this regard may not be reversed by the appellate court without clear proof that it abused its discretion. The question is not whether or not the appellate court would have made or would make the order. It is to the discretion of the trial court, not to that of the appellate court, that the law has intrusted the power to grant or dissolve such an injunction, and the question here is: Does the proof clearly establish an abuse of that discretion by the court below?" American Grain Separator Co. v. Twin City Separator Co., 202 F. 202, 206, 120 C. C. A. 644, 648.

"A pendente lite injunctional order will

not be reversed unless there was an abuse of discretion; and this can only appear from an obvious misunderstanding of the facts or a palpable misapplication of well-settled rules of law on the part of the trial judge." City of Chicago v. Fox Film Corporation, 251 F. 883, 164 C. C. A. 99. See, also, Wilson & Co. v. Best Foods, Inc. (C. C. A.) 300 F. 484.

The adjudication in the court below was based, in part, upon an independent investigation of the law and the facts, and in part upon final adjudications in that and other jurisdictions sustaining the validity of the patent in suit, and the charge of infringement under facts differing little, if at all, from the facts then before the court. Under such circumstances it is idle to claim that in refusing to dissolve the preliminary injunction there was such an abuse of discretion as to warrant the interposition or interference of an appellate court. Little is ever accomplished by repeated applications of this kind, as the adjudication seldom, if ever, establishes anything of a final character. Nearly 15 months have elapsed since the preliminary injunction was granted, and ordinarily the case should have long since passed to a final decree. To account for the delay and the failure to appeal from the decree granting the preliminary injunction, the appellant claims that he did not know that he was violating the injunction until adjudged guilty of contempt. That claim did not appeal to the court below, nor does it appeal to this court. In granting the injunction the court of necessity adjudged that the appellant was infringing the patent, else why the injunction, and if he thereafter continued to employ the same methods as before he was of necessity guilty of a contempt.

We find no error in the record, and the decree of the court below is therefore affirmed.