## UNITED STATES v. BABCOCK et al.

(District Court, D. Indiana, Ft. Wayne Division. July 13, 1925.)

No. 24.

**1. Courts ⬦⟶508(1)—Statute prohibiting federal courts from enjoining proceedings in state courts held not applicable to actions in which United States is party.**

Judicial Code, § 265 (Comp. St. § 1242), prohibiting federal courts from enjoining proceedings in state courts, except in bankruptcy cases, does not apply to action wherein United States is party, and wherein it is necessary to issue injunction to protect its interests, in view of Const. art. 3, § 2, which was intended to give federal government jurisdiction both in law and equity where United States is interested party.

**2. Courts ⬦⟶508(2)—Federal court has jurisdiction to and will enjoin cutting through national highway constructed with federal aid, where no provision for replacing roadway is made.**

Federal court has jurisdiction and will enjoin cutting through a national highway, for construction of which federal aid was granted under Federal Aid Act of 1916 (Comp. St. § 7477a), by large open ditch under contract authorized by superior court of Indiana, without providing for replacing roadbed, where such obstruction will interfere with interstate commerce and carrying of mails.

**3. Commerce ⬦⟶48—Federal government has power to prevent obstructions in highways.**

National government has power to remove obstructions in highways used in interstate commerce, whether highways be natural or artificial, and to prevent such obstruction in first instance.

In Equity. Suit by the United States against J. P. Babcock and others. Decree for plaintiff.

Albert M. Ward, U. S. Dist. Atty., of Indianapolis, Ind., Arthur L. Gilliom, Atty. Gen., of Indiana, and Connor D. Ross, Deputy Atty. Gen., of Indiana, for the United States.

Hoffman, Shoaff & Hoffman, of Fort Wayne, Ind., for defendants.

SLICK, District Judge. Plaintiff asks for a permanent injunction against defendants,

restraining defendants and all of them from entering upon and cutting through Lincoln Highway between the city of Ft. Wayne, in the state of Indiana, and the Ohio line.

The facts, briefly stated, are that defendant J. P. Babcock is engaged in the construction of a large open ditch under a contract authorized by the superior court of Allen county, Ind., on the petition of certain landowners for drainage. The contract under which defendant Babcock is operating provides that the ditch shall be constructed across Lincoln Highway, and that before crossing said highway the contractor shall cause to be constructed a temporary wooden bridge. No provision, however, is made for the construction of a permanent bridge after the highway has been cut through, or for replacing the roadbed in any other manner. The construction of the ditch across the highway will leave an opening in the pavement large and deep enough to prevent travel, and, unless repaired by the construction of a bridge or culvert, will constitute a permanent obstruction.

Defendant Babcock has already prepared a temporary wooden bridge, so that traffic will not be impeded or stopped during his operations, and disclaims any liability to replace the pavement after the ditch has been cut through. No provision has been made by any county, township, state, or government department to repair the pavement. In fact, the briefs submitted by counsel on both sides disclose the fact that there is a controversy as to the question of· responsibility for replacing the pavement.

Lincoln Highway is now, and for a long time prior to the beginning of the drainage proceedings was, a national trunk highway, connecting the city of Washington, in the District of Columbia, with the city of San Francisco, Cal., is a rural post road through Allen county, Ind., is in constant use in interstate commerce and traffic, and is in fact fit for and subject to being used by the United States government for military purposes. The United States government contributed the sum of $161,594.44 for the construction of the concrete pavement on Lincoln Highway between the city of Ft. Wayne, in Allen county, Ind., and the Ohio state line.

Defendants argue earnestly that the injunction should be denied, for the reason that section 265 of the Judicial Code (Comp. St. § 1242) provides that an injunction shall not be granted by a federal court to stay proceedings in a state court, except in bankruptcy cases, and that the federal court has no jurisdiction, for the reason that the government of the United States has no proprietary interest in the Lincoln Highway; the money paid by the government being merely a voluntary contribution in aid of the state in the construction of the payement on the roadway in question.

[1] While the Judicial Code provides that a writ of injunction shall not be granted in any court of the United States to stay proceedings in any state court, this court is of the opinion that this rule is not intended to apply to an action wherein the United States government is a party, and wherein it is necessary to issue such injunction to protect the interests of the government of the United States. Section 2, article 3, of the Constitution provides, among other things, that the judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority, and to controversies to which the United States shall be a party. Clearly this provision of the Constitution is intended to give to ﹐the federal government jurisdiction, both in law and equity, where the United States is an interested party.

[2] The highway in question is a part of the Indiana state highway system, and is designated as state road No. 2. The Federal Aid Act of 1916 (Comp. St. § 7477a) provides that no money shall be expended in aid of the construction of rural post ﹒roads in any state until the Legislature of such state has assented to the provisions of the Federal Aid Act.

The State Highway Act of the state of Indiana provides (Burns' Ann. St. Supp. 1921, § 7671j2) that no state highway shall be torn up or otherwise disturbed for any purpose without the written consent of the state highway director, and then in accordance with certain prescribed regulations, and when such highway is torn up, by consent of the state highway director and under his supervision, the cost of replacing the highway in as good condition as it was before being disturbed shall be paid by the person to whom permission is given to tear up such highway or by the person doing the work. No permission has been obtained by the defendant Babcock from the highway director to cut through this pavement, and it is argued that no permission is necessary, because the Supreme Court of the state of Indiana has recently held that permission is not necessary where the party proposing to cut across the highway has a right so to do.

There is no doubt that this is the latest decision of the Supreme Court of the state

of Indiana on this subject. This court has due respect and gives due credence to the valued decisions of the highest court of the state, but this appeals to the court as an argument in favor of the injunction rather than against it. By this decision it is declared by the highest tribunal of the state that the courts of the state are powerless and impotent to grant any relief in a matter of this nature. If the state court has no power to grant the relief, this seems to be an additional argument impelling the federal court to assume jurisdiction.

The case presented has a strong appeal. Here is an important artery of interstate commerce, used by many citizens traveling between the states of Indiana and Ohio, and in fact between the District of Columbia in the East and the city of San Francisco in the West, over which the United States mail is carried daily. It is proposed to cut an open ditch through this highway and leave it there as a permanent obstruction. The state officials and the state courts admit they have no power to prevent it, and no one is willing to assume the responsibility of replacing the destroyed pavement. It is a fair inference that in due course, perhaps three, four, or five years hence, some decision will be made fixing the responsibility of replacing this pavement upon some one, either the defendant Babcock, the state highway commission, the county commissioners, the township trustee, or the persons whose land will be beneficially affected by the drain. But in the meantime the travelers on the highway, persons traveling from the city of Washington, in the District of Columbia, to the city of San Francisco, in the state of California, mail carriers, and every person desiring and entitled to use this road, will be compelled to detour around this open gap over a temporary wooden structure.

Reason, equity, and justice demand that some responsible person, department, or agency should be ready and willing to repair as expeditiously as possible the cut made in this pavement by the drain, and to replace the destroyed pavement as soon as practicable, that the public shall have as little annoyance and inconvenience as possible. If a federal court has jurisdiction to stop by injunction this proposed destruction of this national highway, until arrangements have been made for its repair then certainly the injunctive relief should be granted.

The court has been favored by voluminous and comprehensive briefs by counsel on both sides of this case. It is an interesting subject from many angles, and especially as to the question of jurisdiction, and the language of an English court is very pertinent when it says: "It is the duty of the court to take care that while the magistrates attempt to exercise their respective rights, the public shall not sustain any injury, and that a public nuisance shall not be occasioned." Attorney General v. Forbes, 14 Eng. Ch. 123.

[3] There is no doubt in the mind of the court as to the authority of the national government to remove obstructions to highways used in interstate commerce, whether the highways be artificial or natural, and if the government has the power to remove an obstruction, then it certainly has the power to prevent such obstruction in the first instance. The Supreme Court (In re Debs, 158 U. S. 564, 15 S. Ct. 900, 39 L. Ed. 1092) said:

"The government of the United States is one having jurisdiction over every foot of soil within its territory, and acting directly upon each citizen, * * * to which is committed power over interstate commerce and the transmission of the mail. The powers thus conferred upon the national government are not dormant, but have been assumed and put into practical exercise by the legislation of Congress. In the exercise of those powers, it is competent for the nation to remove all obstructions upon highways, natural or artificial, to the passage of interstate commerce or the carrying of the mail. It is said that the jurisdiction heretofore exercised by the national government over highways has been in respect to waterways, the natural highways of the country, and not over artificial highways, such as railroads; * * * but the basis upon which rests its jurisdiction over artificial highways is the same as that which supports it over the natural highways. Both spring from the power to regulate commerce."

If this principle is true as to artificial highways, such as railroads, why is it not likewise true as to artificial highways such as the national highway known as Lincoln Highway, which is recognized as a primary interstate highway, and upon which the government has expended many thousands of dollars, and especially since the state of Indiana, through legislative enactment, has agreed and provided that such highway shall not be torn up without permission of the state highway director, and when so torn up shall be replaced by the person by whom the work was done?

After this enactment, the federal government, relying, as it had a right to do, gave preference to this and other projects to expedite the completion of an adequate and

connected system of highways, interstate in character, and paid $161,594.44 as a part of the expense of the construction of the pavement on this highway between the city of Ft. Wayne and the Ohio state line. It is not necessary in this decision to decide whose duty it is to repair the highway. That may properly be left to the state courts. It is only necessary to decide, for the purpose of this action, that no one, whether acting under private contract or under an order from a state court, has the right to destroy this national highway, which is used in interstate traffic and for carrying the mails, without providing for the proper replacement of that part of the pavement which it is proposed to destroy.

The injunction prayed for in the plaintiff's bill of complaint is granted.