MUNROE, RECEIVER, *v.* RAPHAEL.

No. 407. Argued February 7, 1933.—Decided March 13, 1933.

*Mr. Carl F. Schipper, Jr.,* with whom *Mr. William P. Everts* was on the brief, for petitioner.

*Mr. Mark M. Horblit* for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

In an equity suit in the United States District Court against The Monroe Stores, Inc., the petitioner, Munroe, was appointed receiver. One Dempsey made a written offer to purchase the entire property, stipulating that he would pay the expenses of the receivership and thirty per cent. of all claims which might be filed by a certain date and allowed by the court, and, upon acceptance, give a bond in the penal sum of $100,000, with sureties, con-

ditioned that he should perform the contract. The District Court authorized a sale to Dempsey on the terms set forth in his offer; the receiver conveyed all of the property in his possession and took a bond which bound Dempsey as principal and two sureties to the United States of America. It recited:

" The conditions of this obligation are such, that whereas, in Equity Case #3293, now pending in this District Court of the United States, District of Massachusetts, entitled J. B. Hirschfeld & Co. Inc. et als. vs. The Monroe Stores, Inc. Harold A. Dempsey made an offer in writing to purchase all of the assets of every name, nature, character, and kind and wheresoever situated, of George B. Munroe, Receiver of said The Monroe Stores Inc. as more fully set forth in said offer, and

" Whereas, in connection with said offer a bond guaranteeing the performance of the conditions and terms of said offer is required.

" Now, therefore, if the said Harold A. Dempsey shall comply with all the conditions and items of said offer then this obligation to be void, otherwise to be and remain in full force and effect."

Raphael, within the time limited by order of the District Court, proved his claim and the court allowed it for $35,000. After he had been paid $1200, Dempsey defaulted and Raphael applied for and obtained leave of the District Court to sue Dempsey and his sureties on the bond in the state court. An attachment suit was brought in the name of the United States of America on the relation of respondent and property of the defendants seized which is still bound by the attachment. Shortly after this action was brought the petitioner, as receiver, instituted a suit on the bond by a supplementary bill in the District Court in the name of the United States and a final decree was entered therein against Dempsey and his sureties for $33,026, which was the amount due all credi-

tors, including the respondent. An execution was returned unsatisfied. The petitioner then instituted proceedings in contempt against Dempsey and his sureties, and procured an order requiring them to pay $1,000 a month until the amount awarded should be paid in full. Thereafter the petitioner moved the District Court to rescind its prior order granting respondent leave to sue in the state court, and to enjoin further proceedings therein, except the entry of judgment. At the time of this motion the suit in the state court was ripe for judgment. The District Court allowed the motion and granted the injunction. The Circuit Court of Appeals reversed the order. 60 F. (2d) 16. The case is here on certiorari.

The primary purpose of the receivership was to turn the Stores Company's assets to account for the equal benefit of all creditors. If the sale had been for cash, the consideration, after payment of necessary expenses, would have been ratably distributed. In parting with the property the receiver, as the court's representative, took a bond, running not to the creditors, but to the United States. Certainly no creditor could bring a suit in his own name on the bond, for his share of the purchase money. Nor could he institute such an action without leave of the District Court. The course the respondent pursued evidences his recognition of these limitations. Nevertheless the Circuit Court of Appeals held that the interest of the United States was merely nominal; that the cause of action on the bond belonged to the creditors as individuals; that by granting the respondent leave to sue in the state court the District Court lost jurisdiction; that its order permitting such suit was final and could not be revoked after the expiration of the term; and that the order of rescission and injunction violated § 265 of the Judicial Code (28 U. S. C., § 379) which forbids federal courts to enjoin prosecution of suits in state courts.

The petitioner supports the action of the District Court on the ground that the bond was to stand in place of

the property conveyed, and was taken to enable the court through its receiver to insure the receipt and distribution of the purchase money amongst the creditors without preference or priority. He urges that when leave to sue was given the respondent the court evidently considered that such a suit would not interfere with ratable payment of all entitled to share in the assets, but that the grant was discretionary and subject to revocation if the interests of the creditors should so require. He says that the court never lost its jurisdiction over the estate, and the bond represented the estate for distribution.

We think this is the correct view of the matter. The District Court's order granting leave to respondent, a party in interest in the receivership, to sue upon the bond in the name of the United States, was not a relinquishment of its jurisdiction over him or the subject matter. The bond was given to an officer of the court for faithful performance of a contract with that officer. If at any time it was made to appear that the permitted suit by a single creditor might work an injustice to the others it was within the court's power to revoke the permission.

The parties refer us to decisions as to the right of action on statutory bonds given to the United States by contractors, providing, *inter alia,* for the payment of subcontractors and materialmen (*U. S. Fidelity & G. Co.* v. *Kenyon,* 204 U. S. 349; *Illinois Surety Co.* v. *Peeler,* 240 U. S. 214, 223), or official bonds required by law (*Howard* v. *United States,* 184 U. S. 676). But these are not helpful in the present case. Here the outstanding fact is that the bond was taken by the court to protect all creditors. Any suit upon it must be in furtherance and not in contravention of that purpose.

Holding, as we do, that the manner of the enforcement of Dempsey's obligation remained within the control of the District Court, we conclude that the order which is the subject of the controversy was neither beyond its jurisdiction (compare *Dietzsch* v. *Huidekoper,* 103 U. S.

494, 497; *Julian* v. *Central Trust Co.*, 193 U. S. 93, 112; *Kline* v. *Burke Construction Co.*, 260 U. S. 226, 229) nor an unlawful interference with the prosecution of a suit in a state court (compare *Riehle* v. *Margolies*, 279 U. S. 218, 223).

The judgment must be

*Reversed.*