DANIEL O. HASTINGS, as Trustee of Standard Gas and Electric Company, Appellant, *v.* H. M. BYLLESBY AND COMPANY et al., Defendants, and WALTER T. ROSEN et al., Copartners under the Firm Name of LADENBURG, THALMANN & Co., et al., Respondents.

Argued April 10, 1941; decided July 29, 1941.

*Simon H. Rifkind, William H. Button* and *Herbert L. Cohen* for appellant. Plaintiff's title may not be attacked in this suit. (*Bovay* v. *Byllesby*, 12 Atl. Rep. [2d] 178; *Palmer* v. *Larchmont Manor Co.*, 284 N. Y. 288; *Thompson* v. *Magnolia Petroleum Co.*, 309 U. S. 478; *Davis* v. *Davis*, 305 U. S. 32; *Louisville Railroad Co.* v. *Central Stockyards Co.*, 212 U. S. 132; *Union Joint Stock Land Bank* v. *Byerly*, 310 U. S. 1; *Grant* v. *Leach & Co.*, 280 U. S. 361; *Johnson* v. *Manhattan Ry. Co.*, 289 U. S. 479; *Matter of Paramount Publix Corp.*, 82 Fed. Rep. [2d] 230; *Matter of Eastern Utilities Investing Corp.*, 98 Fed. Rep. [2d] 620; *Mulligan* v. *Bond & Mortgage Guarantee Co.*, 193 App. Div. 741; *Ross* v. *Stroh*, 165 Fed. Rep. 628.) Plaintiff is the owner of the causes of action. His ownership is derived from the orders of the bankruptcy court and from the express trust created by the plan of reorganization of the company. (*Palmer* v. *Larchmont Manor Co.*, 284 N. Y. 288; *Matter of Cheney Bros.*, 12 Fed. Supp. 605; *Matter of Paramount Publix Corp.*, 82 Fed. Rep. [2d] 230; *Matter of Eastern Utilities Investing Corp.*, 98 Fed. Rep. [2d] 620; *National Lock Co.* v. *Thompson*, 86 Fed. Rep. [2d] 484; *Matter of Philadelphia & Reading Coal & Iron Co.*, 105 Fed. Rep. [2d] 354; *Stephan* v. *Merchants Collateral Corp.*, 256 N. Y. 418; *Central Hanover Bank & Trust Co.* v. *President & Directors of Manhattan Co.*, 105 Fed. Rep. [2d] 130.) The complaint sufficiently alleges plaintiff's title and capacity. (*Ward* v. *Petrie*, 157 N. Y. 301; *Ullman* v. *Cameron*, 186 N. Y. 339; *Cohen* v. *American Surety Co.*, 123 App. Div. 519; 192 N. Y. 227; *Kittinger* v. *Churchill Evangelistic Assn.*, 239 App. Div. 253; *Bouton* v. *Wheeler*, 118 App. Div. 426; *Rinehart* v. *Hasco Building Co.*, 153 App. Div. 153; *Brenner* v. *McMahon*, 20 App. Div. 3; *Dyer* v. *Broadway Central Bank*, 252 N. Y. 430; *Schlesinger* v. *McDonald*, 106 App. Div. 570; *McLeod* v. *Miller*, 201 N. Y. Supp. 108;

*Clark* v. *Kirby*, 243 N. Y. 295.) Even if plaintiff were no more than an equity receiver, he would still have the right to maintain the action as a matter of comity. (*Mabon* v. *Ongley Electric Co.*, 156 N. Y. 196; *Stone* v. *Penn Yan, K. P. & B. R. R. Co.*, 197 N. Y. 279; *Bicknell* v. *Lloyd-Smith*, 109 Fed. Rep. [2d] 527; *Union Guardian Trust Co.* v. *Broadway Nat. Bank*, 138 Misc. Rep. 16; *Booth* v. *Clark*, 17 How. 322; *Kirkbride* v. *Van Note*, 275 N. Y. 244.)

*Alexander B. Siegel* and *Lewis A. Spence* for Walter T. Rosen et al., as copartners, et al., respondents. Where action is instituted by a person, not in his natural capacity, but in an artificial capacity, the complaint must contain allegations of fact from which his capacity to bring suit appears. (*White* v. *Joy*, 13 N. Y. 83; *Wikoff* v. *Hirschel*, 258 N..Y. 28; *Crouse* v. *New York State Railways*, 214 App. Div. 678; *Van Tuyl* v. *New York Real Estate Security Co.*, 153 App. Div. 409; *Burns* v. *Maguire*, 255 App. Div. 552; 280 N. Y. 700.) The allegations of the complaint are insufficient to show that appellant has rights of any kind in respect of the causes of action asserted in the complaint. (*Burns* v. *Maguire*, 255 App. Div. 552; *Lion Bonding & Surety Co.* v. *Karatz*, 262 U. S. 77; *Fowler* v. *Osgood*, 141 Fed. Rep. 20; *Collins* v. *McDonald*, 98 Fed. Rep. [2d] 258.) From the allegations of the complaint it appears that appellant is not a trustee with the powers defined in section 77B (c) of the Bankruptcy Act. (*Matter of Forty Wall Street Corp.*, 258 App. Div. 108.) Appellant as special trustee appointed pursuant to the equity powers of the United States District Court of the District of Delaware has no capacity to sue outside of Delaware. (*Gabouny* v. *Central Vermont Ry. Co.*, 250 N. Y. 233; *Great Western Mining & Manufacturing Co.* v. *Harris*, 198 U. S. 561; *Lion Bonding & Surety Co.* v. *Karatz*, 262 U. S. 77; *McCandless* v. *Furlaud*, 293 U. S. 67; *Fairview Fluor Spar & Lead Co.* v. *Ulrich*, 192 Fed. Rep. 894; *Collins* v. *McDonald*, 98 Fed. Rep. [2d] 258; *Sigua Iron Co.* v. *Brown*, 171 N. Y. 488.) Appellant should not be permitted to sue by comity. (*Murnan* v. *Wabash Ry. Co.*, 246 N. Y. 244; *Douglas* v.

*N. Y., N. H. & H. R. R. Co.*, 248 N. Y. 580; *Barth* v. *Backus*, 140 N. Y. 230; *Ockerman* v. *Cross*, 54 N. Y. 29; *Sigua Iron Co.* v. *Brown*, 171 N. Y. 488; *Shipman* v. *Treadwell*, 208 N. Y. 404; *Hale* v. *Allinson*, 188 U. S. 56; *Merchants' Loan & Trust Co.* v. *Clair*, 36 Hun, 362; 107 N. Y. 663; *National Lock Co.* v. *Hogland*, 101 Fed. Rep. [2d] 576.)

*Royal E. T. Riggs* for Victor Emmanuel et al., respondents. It appears from the face of the complaint that the plaintiff has not legal capacity to sue. (*Burns* v. *Maguire*, 255 App. Div. 552; 280 N. Y. 700; *Booth* v. *Clark*, 17 How. 322; *Great Western Mining & Manufacturing Co.* v. *Harris*, 198 U. S. 561; *Lion Bonding & Surety Co.* v. *Karatz*, 262 U. S. 77; *Sigua Iron Co.* v. *Brown*, 171 N. Y. 488; *Shipman* v. *Treadwell*, 208 N. Y. 404.)

*Bethuel M. Webster* and *Henry Cassorte Smith* for Albert S. Cummins, respondent. The complaint was properly dismissed under rule 106 for failure to allege plaintiff's capacity to sue. (*White* v. *Joy*, 13 N. Y. 83; *Burns* v. *Maguire*, 255 App. Div. 552; 280 N. Y. 700.) The plaintiff appointed pursuant to the equity powers of the District Court lacks capacity to sue as of right outside the State of Delaware. (*Great Western Mining & Manufacturing Co.* v. *Harris*, 198 U. S. 561; *Lion Bonding Co.* v. *Karatz*, 262 U. S. 77; *Shipman* v. *Treadwell*, 208 N. Y. 404; *Hart* v. *Sansom*, 110 U. S. 151; *Holmberg* v. *Merrick*, 24 Fed. Supp. 594; 110 Fed. Rep. [2d] 1022.) The plaintiff has no right to sue in the courts of New York by virtue of comity. (*Barth* v. *Backus*, 140 N. Y. 230.)

*H. G. Pickering* and *Stuart H. Steinbrink* for Amerex Holding Corporation, respondent. The dismissal of the complaint on the ground that it appears on the face thereof that the plaintiff has not legal capacity to sue should be affirmed. (*Burns* v. *McGuire*, 255 App. Div. 552; 280 N. Y. 700; *Goldberg* v. *Weihman*, 243 App. Div. 734; 269 N. Y. 537.)

*Dwight R. Collin* for Haystone Securities Corporation, respondent.

*Orison S. Marden* for First Security Company, respondent.

*Per Curiam.* These are six appeals on a consolidated record from judgments entered upon decisions of the Appellate Division affirming judgments dismissing a consolidated complaint against the respondents and from the orders dismissing said complaint under rule 106 of Rules of Civil Practice upon the ground that it appeared upon the face of the complaint that the plaintiff had not legal capacity to sue.

The paragraph of the complaint upon which appellant must rely is as follows: .

" 1. On or about the 27th day of September, 1935, Standard Gas and Electric Company filed in the District Court of the United States for the District of Delaware its petition seeking reorganization under Section 77B of the Act of Congress relating to bankruptcy, as amended; and on or about the same day said court made an order assuming exclusive jurisdiction of Standard Gas and Electric Company, Debtor, and of its property and assets wherever located. By an order of said court dated November 26, 1937, plaintiff was appointed Special Trustee of certain property and assets of Standard for the purposes set forth in said order, and this suit is brought by authority of the said court; and by further orders of said court plaintiff was duly authorized to retain   *   *   *   counsel   *   *   *."

The order of appointment is not attached to or made a part of the complaint. However, by stipulation there has been submitted to us certain papers among which is the order of the District Court of the United States for the District of Delaware, dated March 5, 1938, confirming the plan of reorganization of Standard Gas and Electric Company and making it a part of the said order of confirmation. An examination of the order and plan makes it manifest that the plaintiff is trustee under section 77B of the Bankruptcy Act (48 Stat. 912) of causes of action alleged to exist in favor of the debtor and referred to in the order of his appointment, that there is vested in him title to said property and assets and that he has been authorized to institute a suit or suits thereon. (See, also, Bankruptcy Act, § 77B, [c], [2].)

Some of the respondents here, in a similar action brought in the District Court for the District of Delaware, argued successfully that plaintiff is a trustee under section 77B of the Bankruptcy Act. The Circuit Court of Appeals for the Third Circuit has affirmed that ruling in a decision rendered since the submission of this case to us and, in the opinion rendered therein, referring to the instant case, pointed out that the plaintiff herein was a trustee and not an equity receiver. (See *Matter of Standard Gas & Electric Co.— Hastings* v. *Byllesby & Co.*, 30 Fed. Supp. 21, on appeal, opinion of United States Circuit Court of Appeals, Third Circuit, filed April 23, 1941.) In footnote 2 to the opinion, the court said: " In an action brought by the present plaintiff in the Supreme Court of New York against some of the present defendants that court granted a motion to dismiss on the ground that the plaintiff was not a trustee but merely an equity receiver and, therefore, had no right to sue in a court outside of the jurisdiction in which he was appointed. It seems clear, however, from an examination of the order of appointment that the plaintiff was appointed trustee under § 77B with title to the choses in action sued on and with the powers which the Bankruptcy Act confers upon such a trustee to bring suit for the recovery thereof."

Assuming, arguendo, however, that plaintiff's status were merely that of equity receiver, nevertheless he has a right to sue, as a matter of comity, for the reason that the causes of action in suit were voluntarily assigned to him under the plan of reorganization, to which Standard Gas and Electric Company was a party. (*Mabon* v. *Ongley Electric Co.*, 156 N. Y. 196.) In that case Judge VANN, writing for the court, said: " While the laws of a foreign state have no force, as such, in this state, still our courts uphold the title of a foreign assignee or receiver upon the principle of comity. If the title is by virtue of a voluntary conveyance or transfer, it is sustained as against all, including even domestic creditors, but if it depends on a foreign statute or judgment, it is sustained against all except domestic creditors " (p. 201).

Our courts have been liberal in allowing foreign receivers to sue. (*Howarth* v. *Angle*, 162 N. Y. 179; *Stone* v. *Penn Yan, K. P. & B. Railway*, 197 N. Y. 279; *Bicknell* v. *Lloyd-Smith*, 109 Fed. Rep. [2d] 527, at p. 528 [pointing out the difference between the Federal and the New York rule]; 1 Clark on Receivers, §§ 294, 591.)

Finally under a liberal construction of the pleadings, plaintiff's capacity to sue is sufficiently alleged. (*Rinehart* v. *Hasco Building Co.*, 153 App. Div. 153; affd., 214 N. Y. 635; *Bouton* v. *Wheeler*, 118 App. Div. 426.) The plaintiff here took *title* to the causes of action in suit. (Plan of Reorganization; Order of March 5, 1938; Bankruptcy Act, § 77B [c], [2] and [j].) In the *Rinehart* case the receiver was a chancery or common law receiver *without title*.

There, however, the court treated the demurrer, upon the ground that it did not appear on the face of the complaint that the plaintiff had legal capacity to sue, as frivolous, saying: " It does not appear on the face of the complaint that the plaintiff has not legal capacity to sue. *He not only alleges his appointment as receiver, but alleges that the court authorized him to bring the action.* It is now well settled that the sufficiency of the complaint is not presented by this form of demurrer, and that it only raises the question as to whether, in the form in which the suit is brought, it appears by the complaint that the plaintiff had capacity to sue. (*Ward* v. *Petrie*, 157 N. Y. 301; *Ullman* v. *Cameron*, 186 id. 339; *Cohen* v. *American Surety Co.*, 123 App. Div. 519; affd., 192 N. Y. 227; *Leggett* v. *Stevens*, 77 App. Div. 612.) Here the plaintiff was duly appointed receiver and duly authorized to sue, and, therefore, he had capacity to sue even though he did not have a cause of action " (p. 155).

The judgments should be reversed and the motion denied, with costs in all courts. (See 286 N. Y. 705.)

FINCH, LEWIS, CONWAY and DESMOND, JJ., concur; LOUGHRAN, J., dissents; LEHMAN, Ch. J., and RIPPEY, J., taking no part.

Judgments reversed, etc.