## ZELEZNIK v. GRAND RIVIERA THEATER CO.

### No. 9021.

Circuit Court of Appeals, Sixth Circuit.

June 4, 1942.

Robert E. Plunkett and Arnold F. Zelez-
nik, both of Detroit, Mich. (Robert E.

Plunkett, Vincent E. Schoeck, and Arnold F. Zeleznik, in pro. per, all of Detroit, Mich., on the brief), for appellant.

Marion S. Harlan, of Detroit, Mich. (Beaumont, Smith & Harris, of Detroit, Mich., on the brief), for appellee.

Before SIMONS, ALLEN, and McALLISTER, Circuit Judges.

SIMONS, Circuit Judge.

In a reorganization proceeding under § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, begun by appellee on petition of September 7, 1934, the debtor corporation's plan of reorganization was approved and confirmed on June 12, 1935. Nearly five years later, on February 4, 1940, the appellant, a stockholder of the debtor, and with knowledge of the reorganization proceedings, began in the state court a derivative suit against the debtor, certain of its directors, and other corporations, alleging conspiracy and fraud both before and after the filing of the petition, in the manipulation of stocks and property among the several corporations having common directors, and complaining particularly of a sale of stock by the debtor in 1937. On November 20, 1940, the debtor filed its report setting forth the accomplishment of the reorganization plan, and petitioned for final decree. It also prayed permanent restraint of the appellant's suit. Upon the entry of a decree incorporating a stay, the appellant moved to dismiss, and it is from the order denying the motion that this appeal is taken.

The principal question raised by the appeal is one that involves the right of a stockholder, after the confirmation of a plan of reorganization, to maintain, without leave of the court, a derivative suit against the directors of the corporation debtor to recover for it assets alleged to have been fraudulently and illegally taken from it. And this leads to a consideration not only of the purpose of the reorganization section, but the powers and duties of the Bankruptcy Court in respect to the debtor, its property, and the adjudication of claims asserted against it and on its behalf.

Section 77B, Title 11 U.S.C.A. § 207, sub. a, provides that upon the approval of a reorganization petition and during the pendency of reorganization proceedings, the court shall have "exclusive jurisdiction * * * and shall have and may exercise all the powers, not inconsistent with this section, which a Federal court would have had it appointed a receiver in equity of the property of the debtor * * *." It may enjoin or stay the commencement or continuation of suits against the debtor until after final decree [§ 207, sub. c(10), 11 U.S.C.A.]. In case a trustee is not appointed the debtor shall continue in the possession of its property and shall have all the powers of a trustee subject at all times to the control of the judge and to such limitations, restrictions, terms and conditions as the judge may, from time to time, impose and prescribe [§ 207, sub. c(11)]. The jurisdiction and powers of the court, the duties, rights and liabilities of all persons with respect to the debtor and its property shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication entered [§ 207, sub. o, 11 U.S.C.A.].

No trustee was appointed for the present debtor and it remained in control of its property and continued to operate its business. The plan of reorganization effected a change in its obligation under a first mortgage bond issue in respect to interest and maturities, and a change also in its obligations in respect to preferred stock. The rights of common stockholders were not affected by the plan. In its final report to the court the debtor showed successful execution of the reorganization plan and a profitable operation of its properties. The sale by the debtor to the Riviera-Annex Theater Company of 4743 shares of stock of the Improved Realty Company, a transaction particularly complained of by the appellant, was approved at a meeting called for that purpose by a vote of a majority of its preferred and common stockholders.

The appellant, a member of the Bar, did not intervene in the reorganization proceedings, did not seek the appointment of a trustee, sought no authority from the court to begin his derivative suit in the state court, acquiesced in the payment of dividends to bondholders and others, and to the discharge of the indenture trustee appointed by the court. He knew of the order made by the District Judge upon the approval of the debtor's petition restraining all persons from instituting or prosecuting any suit at law or in equity in any court against the debtor or its property. It was only upon being served with an order to show cause, in 1940, that he

advised the court of the basis of his derivative suit in the state court, but even then sought neither the appointment of a trustee nor the authority of the court to pursue the litigation already begun.

Section 77B of the Bankruptcy Act sets up in the Federal Courts a system for the statutory reorganization of distressed corporations under a procedure which is novel, and permits the Bankruptcy Court to take jurisdiction over corporations which are not insolvent in the bankruptcy sense, and authorizes the adjustment of the rights of the stockholders of such corporations. Campbell v. Alleghany Corp., 4 Cir., 75 F.2d 947. The statute is of a remedial character designed to facilitate the reorganization of corporate businesses, and in the carrying out of that purpose the Bankruptcy Court has been vested with broad powers of regulation and control. While normally the fiduciary obligation of the directors of a corporation is enforceable directly by the corporation or through a stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee. "For that standard of fiduciary obligation is designed for the protection of the entire community of interests in the corporation—creditors as well as stockholders." Pepper v. Litton, 308 U.S. 295, at page 307, 60 S.Ct. 238, at page 245, 84 L.Ed. 281.

The appellant contends that the debtor was joined merely as a nominal party defendant under compulsion of the rule announced in Davenport v. Dows, 18 Wall. 626, 21 L.Ed. 938, and that no relief is sought against it. It must be remembered, however, that the affairs of the debtor have been placed within the exclusive control of the Bankruptcy Court. Without complete information as to the total resources of the debtor, immediate and prospective, including probable avails of litigation upon claims liquidated or unliquidated, the court would be unable to determine whether a plan of reorganization was fair and equitable to the interests thereby affected. Should recovery be had against the directors its avails would come under the administration of the Bankruptcy Court. More important still is the need of the court to know whether directors, left in charge of the debtor's affairs, are faithful to their trust. Finally, a derivative suit may not, in the usual case,

be maintained without a demand first being made upon the corporation or a reasonable showing that such demand would be futile. In the case of a corporation in reorganization such demand must be made upon the trustee who stands in the place of the corporate entity. Where there is no trustee and the claim is against the corporate directors, it would seem that the court itself should be advised of the claim and should determine, upon adequate impartial recommendation, whether there is merit to the claim, and if so, whether prospects of realization are such as to warrant a suit for recovery. Since here the officers continued in the management of the corporate affairs, the appellant was under obligation to make application to the court to be heard upon the necessity or advisability of a suit either against or on behalf of the debtor. It is immaterial that the appellant was not served with the injunctional order. It is a caveat to the world. Converse v. Highway Construction Co., 6 Cir., 107 F.2d 127, 129, 127 A.L.R. 860.

The situation is not without analogy to claims of stockholders or depositors against the directors of national banks in liquidation under the exclusive control of the Comptroller of the Currency. In such cases it has been held that without demand first on the receiver and then on the association, and the refusal of both, a stockholder may not assume the position of the receiver or the association and act independently of the one or the other. Davis Trust Co. v. Hardee, 66 App.D.C. 168, 85 F.2d 571, 574, 107 A.L.R. 1425; Ex parte Chetwood, 165 U.S. 443, 17 S.Ct. 385, 41 L.Ed. 782; Wales v. Jacobs, 6 Cir., 104 F.2d 264. Nor is this a case comparable to that of Foust, Administrator, v. Munson Steamship Line, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49, wherein it was held that exercise by the court of the power to stay suits against the debtor, conferred by § 77B, sub. c(10), must be in accord with the particular circumstances of the case, and by them be guided, since here no reason appears why an equity proceeding not requiring the interposition of a jury could not as well be adjudicated by a Federal Court sitting in equity as by any other. In any event, no question of abuse of discretion arises since the discretion of the Bankruptcy Court was not invoked and there was no opportunity for its exercise.

We think the order appealed from staying the appellant's suit in the state court should be affirmed. However, since the court below still retains jurisdiction of the reorganization proceeding, and since a claim of fraud on the part of directors of a corporation, especially one seeking exceptional relief from a court of equity, should always have the careful consideration of the Chancellor, this affirmance is without prejudice to the right of the appellant, upon petition precise and not discursive in allegations, to ask the Bankruptcy Court for the appointment of an impartial and unprejudiced trustee to examine into the merits of the appellant's claim and advise the court whether it has merit, and, if so, whether there is reasonable prospect of recovery thereon.

Affirmed and remanded for further proceedings in conformity herewith.