**In re STANDARD GAS & ELECTRIC CO.**

No. 8316.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 21, 1943.

Decided Dec. 1, 1943.

Emil K. Ellis, of New York City (Moss & Moss, of Philadelphia, Pa., Edmund S. Hellings, of Wilmington, Del., and Julius Hallheimer, of New York City, on the brief), for appellants.

Sidney R. Nussenfeld, of New York City (William H. Button and Francis J. Quillinan, both of New York City, William H. Foulk, of Wilmington, Del., Leonard Cohen, and Morris Gottlieb, both of New York City, on the brief), for appellee.

Before JONES, GOODRICH, and Mc-LAUGHLIN, Circuit Judges.

JONES, Circuit Judge.

This is an appeal from an order entered below in a proceeding for the reorganization of Standard Gas and Electric Company, Debtor, under Sec. 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. The order appealed from perpetually restrains and enjoins Rudolph Spitzer, a stockholder of the debtor company, Emil K. Ellis, his attorney, and all other like stockholders from intervening in, or interfering in any way with, any lawsuits now pending or which may be brought in any court by Daniel O. Hastings as Special Trustee of the debtor.

The jurisdiction of the District Court in bankruptcy attached upon the filing of the debtor's petition on September 27, 1935. On November 26, 1937, the court found that certain causes of action for alleged wrongdoing by former directors of the debtor company and third persons were property and assets of the debtor in the reorganization proceeding and, as such, were within the exclusive jurisdiction of the court for the purposes of Sec. 77B of the Bankruptcy Act. The court thereupon appointed Daniel O. Hastings special trustee of such property and assets (the specifically identified choses in action) and directed him, as such trustee, "to hold title to, protect and conserve said property and assets, to institute and prosecute such suit or suits as may be appropriate to realize upon such property and assets and to enforce any and all claims, rights and causes of action included among such property and assets."

The plan of reorganization of the debtor company having been confirmed by the court on March 5, 1938, it was thereafter fully carried out and effectuated, so that, on August 2, 1938, the court entered a decree closing the proceeding except for the retention of jurisdiction, then expressly reserved, in respect of the matters committed to the care and charge of the special trustee as above stated. The decree of August 2, 1938, also expressly reaffirmed the like reservation of jurisdiction as contained in the order of confirmation of March 5, 1938.

In pursuance of the order of his appointment, the special trustee brought suit in the Supreme Court of the State of New York to recover in behalf of the debtor company against the alleged offenders on the causes of action referred to.[1] Upon question raised as to the special trustee's legal capacity to sue in a foreign jurisdiction, his right to maintain the suit in the New York state court was confirmed by the Court of Appeals of that state. Hastings v. H. M. Byllesby & Co. et al., 286 N.Y. 468, 36 N.E.2d 666.

Thereafter, Spitzer, acting by his attorney, Ellis, served notice on counsel for the special trustee of an application to be made by him to the New York state court for leave to intervene as a party plaintiff in the suit of the special trustee, therein pending. The reasons assigned for the proposed intervention were that Ellis, the stockholder's attorney, had special experience in stockholders' actions and could contribute valuable assistance in the preparation and trial of the case. Counsel for the special trustee promptly moved the District Court in the reorganization proceeding for an injunction such as ultimately issued. The court forthwith entered a rule on Spitzer, his attorney, Ellis, and all other stockholders of the debtor to show

---

[1] An earlier suit brought by the special trustee on the same causes of action in the District Court of the United States for the District of Delaware was dismissed for the reason that process in the suit, which was plenary, could not be served on necessary defendants who were not resident in the district. In re Standard Gas & Electric Co., D.C., 30 F.Supp. 21, affirmed 3 Cir., 119 F.2d 658.

cause why an injunction should not be granted as prayed for; and, on the return day of the rule, the court issued the injunction order now appealed from. In connection with that proceeding, Ellis appeared specially in behalf of himself. Neither Spitzer nor any other stockholder appeared. Ellis challenged the District Court's power to issue the injunction and its jurisdiction to issue process directed to a non-resident of the district in respect of the injunction. The same grounds supply the appellants' present contentions along with the further contention that the District Court's action amounted to an abuse of discretion.

The choses in action now being prosecuted by the special trustee in the plenary action in the New York state court constitute property and assets of the debtor in bankruptcy over which the District Court had acquired exclusive jurisdiction. The court so found in its order of November 26, 1937, from which no appeal was taken by anyone. Such property and assets became vested in the special trustee by virtue of the bankruptcy court's order to that effect. See In re Standard Gas & Electric Co., 3 Cir., 119 F.2d 658, 661; see also Gochenour v. Cleveland Terminals Building Co., 6 Cir., 118 F.2d 89, 93. Nor has the District Court's jurisdiction of the property and assets, now vested in the special trustee, ever been relaxed. It has been purposely retained, as it was within the District Court's power so to provide, for the efficient and complete administration of the debtor's estate. Cf. National Lock Co. v. Hogland, 7 Cir., 101 F.2d 576, 586; In re Paramount Publix Corporation, 2 Cir., 82 F.2d 230, 232.

It will hardly be questioned that a District Court has power to protect by injunction its exclusive jurisdiction over the property and assets of a bankrupt. And the same is true with respect to the property and assets of a debtor or the proceedings in bankruptcy for the debtor's reorganization. Cf. Continental Illinois National Bank & Trust Co. v. Chicago, Rock Island & Pacific Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110; Zeleznik v. Grand Riviera Theater Co., 6 Cir., 128 F.2d 533; Gochenour v. Cleveland Terminals Building Co., supra. The Zeleznik case in particular involved the restraint of a stockholder from prosecuting a derivative action in a state court against a corporation, its directors and officers after the corporation had petitioned for reorganization in bankruptcy, the District Court basing its action on its exclusive jurisdiction of the debtor and its property and assets. The power of a bankruptcy court to protect by injunction the subject-matter of its jurisdiction is inherent in the court as a virtual court of equity and exists as well by virtue of Sec. 2(15) of the Bankruptcy Act, 11 U.S.C.A. § 11(15), and the "all writs" provision of Sec. 262 of the Judicial Code, 28 U.S.C.A. § 377. See Continental Illinois National Bank & Trust Co. v. Chicago, Rock Island & Pacific Ry. Co., supra, 294 U.S. at page 676, 55 S.Ct. 595, 79 L.Ed. 1110. We think that the injunction issued in this case was well within the power of the District Court.

The appellants maintain that they assert no claim adverse to the rights of the special trustee but seek by intervening to act in aid thereof. From this, they argue that their right to intervene in the plenary action in the New York state court is a matter for that court to decide, and they cite Sec. 265 of the Judicial Code, 28 U.S.C.A. § 379, which prohibits the granting of a writ of injunction by any court of the United States to stay proceedings in any court of a state. Not only does Sec. 265 of the Judicial Code expressly except from its purview cases where an injunction may be authorized by any law relating to proceedings in bankruptcy, but the purpose of its prohibition was to prevent federal courts, when exercising jurisdiction coordinate with state courts, from drawing to themselves the right to determine adverse claims. Toucey v. New York Life Insurance Co., 314 U.S. 118, 132, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967. By the appellants' own showing they represent no claim adverse to the claims of the special trustee; and the special trustee's opposition to the appellants' effort to intervene in the state court suit is not the assertion of an adverse claim. Cf. Continental Illinois National Bank & Trust Co. v. Chicago, Rock Island & Pacific Ry. Co., supra, 294 U.S. at page 681, 55 S.Ct. 595, 79 L.Ed. 1110.

In any event, a sufficient answer to the appellants' contention in this connection lies in the fact that the injunction issued by the District Court is not directed to the New York state court. Nor does it in any wise interfere with the jurisdiction

of that court. The injunction runs against all stockholders of the debtor and, specifically, against Spitzer and his legal representative. Control over the stockholders of the debtor is a necessary incident to the court's jurisdiction and control of the debtor. The cause of action which the appellants seek to prosecute by intervening in the state court suit is a right which they could derive only as stockholders of the debtor. But the debtor is no longer possessed of any right to prosecute the cause of action. That right has passed to the special trustee by virtue of the bankruptcy proceeding and the court's exercise of its competent jurisdiction. Nor have the appellants sought the District Court's permission to apply for leave to intervene in the state court suit. They seek to avoid the District Court's jurisdiction in order to assail it and obtain by indirection what they could get by direct action only upon the District Court's allowance.

 The injunction issued for the protection of the res being an exercise of the bankruptcy court's summary jurisdiction, it follows that the process necessary to render the injunction effective could proceed beyond the territorial limits of the court for service upon those to be enjoined thereby. Continental Illinois National Bank & Trust Co. v. Chicago, Rock Island & Pacific Ry. Co., supra, 294 U.S. at page 683, 55 S.Ct. 595, 79 L.Ed. 1110. See also Munroe, Receiver v. Raphael, 288 U.S. 485, 53 S.Ct. 424, 77 L.Ed. 910, and In re Greyling Realty Corporation, 2 Cir., 74 F.2d 734. In fact it has been held that the service of a bankruptcy court's appropriate injunction upon the parties to a state court action is not required to render the injunction effective. See Zeleznik v. Grand Riviera Theater Co. [128 F.2d 536], supra. In the Zeleznik case it was said that an injunctional order, although unserved is "a caveat to the world". Here, the appellants as stockholders of the debtor were additionally bound by the District Court's prior orders in bankruptcy vesting the debtor's causes of action in the special trustee and providing for his prosecution thereof. They are in no position to plead freedom from the bankruptcy court's injunction by reason of their nonresidence in the district.

The appellants argue that the plenary suit in New York does not involve property in the actual or constructive possession of the special trustee but merely choses in action and that the District Court therefore lacked the power to send its process beyond its territorial limits. That would be true if the District Court were trying to reach out beyond its territorial borders to enforce causes of action against persons who claimed adversely to the bankrupt's estate. See In re Standard Gas & Electric Co., supra, 119 F.2d at page 664. But that is not the present situation. The only interest the appellants ever had in the debtor's causes of action they had as stockholders of the debtor whose rights thereto are now exclusively vested in the special trustee in bankruptcy. The appellants can have no higher standing than the debtor company through which they derive their only interest in the special trustee's lawsuit. Like the debtor, they are subject, wherever they may be reached, to the orders of the District Court with respect to the debtor's property and assets, including the choses in suit in New York.

 The contention that the issuance of the injunction was an abuse of discretion is so lacking in merit as not to require extended discussion. The expressed purpose of the intervention sought was that Spitzer's attorney might participate in the preparation and trial of the state court suit on the side of the special trustee. The action of the District Court in making certain that the prosecution of the debtor's causes of action would not be confounded by self-proffered excess counsel appears to have been the exercise of a wise discretion.

The order of the District Court is affirmed.