## TREASURE CO. et al. v. UNITED STATES.
### No. 11768.

Circuit Court of Appeals
Ninth Circuit.

Aug. 6, 1948.

Rehearing Denied Sept. 10, 1948.

Bodkin, Breslin & Luddy and E. E. Hitchcock, all of Los Angeles, Cal., for appellants.

A. DeVitt Vanech, Asst. Atty. Gen., John F. Cotter, Fred W. Smith, and George S. Swarth, Attys., Dept. of Justice, all of Washington, D. C., and James M. Carter, U. S. Atty., of Los Angeles, Cal., for appellee.

Before GARRECHT, MATHEWS, and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

On September 28, 1942, appellee, the United States, took for public use certain property, real and personal, in Los Angeles County, California. In the District Court of the United States for the Southern District of California, appellee filed a complaint on September 28, 1942, seeking condemnation of the real property, and an amended complaint on January 12, 1944, seeking condemnation of all the property, real and personal. All persons and corporations having or claiming to have any right, title or interest in or to the property

were made parties to the condemnation proceeding. Among those claiming to have such right, title or interest were appellants, Treasure Company, a corporation, hereafter called Treasure, and Samarkand Oil Company, a corporation, hereafter called Samarkand.[1]

Samarkand answered the amended complaint on April 30, 1945. Its answer stated, in substance, that it owned a part of the real property and a part of the personal property; stated that its personal property was unlawfully taken by appellee on September 28, 1942; prayed that the condemnation proceeding be dismissed; and, in the alternative, prayed for a judgment against appellee for damages in the sum of $931,104.14—$670,000 for taking of its real property and $261,104.14 for the taking of its personal property.

Treasure answered the amended complaint on May 28, 1945. Its answer stated, in substance, that it owned a part of the real property and a part of the personal property; stated that its personal property was unlawfully taken by appellee on September 28, 1942; prayed that the condemnation proceeding be dismissed; and, in the alternative, prayed for a judgment against appellee for damages in the sum of $2,180,231.82—$2,000,000 for the taking of its real property and $180,231.82 for the taking of its personal property.

There has been no trial or determination of the issues raised by appellants' answers to the amended complaint. The condemnation proceeding is still pending.

At all pertinent times since September 28, 1942, appellee, by its agent, Union Oil Company, a corporation, hereafter called Union, has had possession of all the property claimed by appellants. On November 15, 1943,[2] two State Court actions[3] were brought against Union—one (No. 489318) by Treasure to recover possession of a part of the personal property claimed by it or the value thereof and one (No. 489319) by Samarkand to recover possession of a part of the personal property claimed by it or the value thereof. On March 10, 1945, appellee petitioned and moved the District Court to enjoin appellants from prosecuting Nos. 489318 and 489319. On June 12, 1945, the District Court made and entered an order denying the petition and motion of March 10, 1945.[4] An appeal was taken from the order of June 12, 1945, but was dismissed on stipulation of the parties.[5]

On September 27, 1945,[6] two State court actions were brought against Union—one (No. 505967) by Treasure to recover possession of a part of the personal property claimed by it[7] or the value thereof and one (No. 505968) by Samarkand to recover possession of a part of the personal property claimed by it[8] or the value thereof.[9] On March 26, 1946, appellee petitioned the District Court to enjoin appellants from prosecuting Nos. 505967 and 505968. On January 27, 1947, the District Court made and entered an order so enjoining appellants. On May 22, 1947, the District Court made and entered an order modifying the order of January 27, 1947, so as to enjoin appellants from prosecuting Nos. 505967 and 505968 until the further order of the District Court—in other words, temporarily, not permanently. No appeal was taken from the order of January 27, 1947, or the order of May 22, 1947.

On May 28, 1947, appellants moved the District Court to dissolve and vacate the order of January 27, 1947. On August 4, 1947, the District Court made and entered an order denying the motion of May 28, 1947. From the order of August 4, 1947,

---

[1] Another claimant was Sam Block. See United States v. Block, 9 Cir., 160 F.2d 604.

[2] Before the amended complaint was filed.

[3] All State court actions mentioned in this opinion were brought in the Superior Court of Los Angeles County, California.

[4] United States v. Certain Parcels of Land in City of Los Angeles, D.C.S.D.Cal., 62 F.Supp. 1017.

[5] United States v. Treasure Co., 9 Cir., 151 F.2d 1022.

[6] After the amended complaint was filed.

[7] Not the part involved in No. 489318.

[8] Not the part involved in No. 489319.

[9] Other State court actions (Nos. 507385 and 507386) were brought against Union, but we are not here concerned with them.

appellants have appealed. The appeal presents a single question: Did the District Court abuse its discretion in making and entering the order of August 4, 1947? If not, that order should be affirmed.[10]

Appellants contend that the District Court abused its discretion in making and entering the order of August 4, 1947, because it thereby "denied to these appellants all recourse for the wrongful taking of said appellants' personal property[11] on September 28, 1942, its detention thereafter, its subsequent deterioration, and for the value of its use from September 28, 1942, until January 12, 1944." There is no merit in this contention. The order of August 4, 1947, merely denied a motion to dissolve and vacate the order of January 27, 1947, which, as modified by the order of May 22, 1947, temporarily enjoined appellants from prosecuting Nos. 505967 and 505968. It did not deny to appellants the "recourse" to which they were entitled if the property involved in Nos. 505967 and 505968 was owned by appellants and wrongfully taken. Whether or not that property was so owned and taken will be determined in the condemnation proceeding.

Except as indicated in the last preceding paragraph of this opinion, appellants do not contend that the District Court abused its discretion in making and entering the order of August 4, 1947.

Appellants contend that the District Court abused its discretion in making and entering the order of January 27, 1947, because that order was prohibited by § 265 of the Judicial Code,[12] 28 U.S.C.A. § 379, formerly § 720 of the Revised Statutes, derived from § 5 of the Act of March 2, 1793, c. 22, 1 Stat. 334. We are not here reviewing the order of January 27, 1947,

no appeal having been taken therefrom. Hence we are not required to decide whether the District Court abused its discretion in making and entering the order of January 27, 1947. The question is whether it abused its discretion in making and entering the order of August 4, 1947.

As stated above, the order of August 4, 1947, denied a motion to dissolve and vacate the order of January 27, 1947. Therefore the District Court might be said to have abused its discretion in making and entering the order of August 4, 1947, if appellants' contention that the order of January 27, 1947, was prohibited by § 265 were accepted as correct. We, however, reject that contention for the following reasons:

The condemnation proceeding was a proceeding in rem.[13] The res in that proceeding was the property, real and personal, sought to be condemned. The personal property became a part of the res on January 12, 1944, upon the filing of the amended complaint. In the four State court actions, appellants sought to recover of Union (appellee's agent) the possession or value of certain parts of the personal property. Of the four actions, two (Nos. 489318 and 489319) were brought before January 12, 1944, and two (Nos. 505967 and 505968) were brought after January 12, 1944.

Because Nos. 489318 and 489319 were brought before January 12, 1944, the District Court held that, as to those actions, § 265 was applicable and, on the basis of that holding, made and entered the order of June 12, 1945, denying appellee's petition and motion to enjoin appellants from prosecuting those actions.[14] As to the correct-

---

10 Owen v. Perkins Oil Well Cementing Co., 9 Cir., 2 F.2d 247; Kendall v. Trico Products Corp., 6 Cir., 31 F.2d 522; Central Hanover Bank & Trust Co. v. Callaway, 5 Cir., 135 F.2d 592.

11 Meaning, obviously, the property involved in Nos. 505967 and 505968.

12 Section 265 provides: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in

cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

13 United States v. Petty Motor Co., 327 U.S. 372, 66 S.Ct. 596, 90 L.Ed. 729; Minnesota v. United States, 8 Cir., 125 F.2d 636; Eagle Lake Improvement Co. v. United States, 5 Cir., 160 F.2d 182.

14 United States v. Certain Parcels of Land, supra.

440

ness of the holding that § 265 was applicable, we express no opinion.[15]

Because Nos. 505967 and 505968 were brought after January 12, 1944, and involved property which, on January 12, 1944, became a part of the res in the condemnation proceeding, and because their prosecution would have impaired or defeated the District Court's jurisdiction of that part of the res, the District Court held that, as to those actions, § 265 was inapplicable and, on the basis of that holding, made and entered the order of January 27, 1947, enjoining appellants from prosecuting those actions. The holding that § 265 was inapplicable was clearly correct; for the case came within a recognized exception to § 265.[16]

Whether § 265 is applicable to any case in which the United States seeks an injunction is questionable.[17] However we do not find it necessary to decide that question and do not decide it.

There is no merit in the suggestion that the orders of January 27, 1947, and August 4, 1947, were inconsistent with the order of June 12, 1945; for, as heretofore indicated, the order of June 12, 1945, related to actions brought before January 12, 1944, whereas the orders of January 27, 1947, and August 4, 1947, related to actions brought after January 12, 1944.

We conclude that the District Court did not abuse its discretion in making and entering the order of August 4, 1947. Accordingly, that order is affirmed.

[15] See, however, Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871; Riehle v. Margolies, 279 U. S. 218, 49 S.Ct. 310, 73 L.Ed. 669.

[16] This exception—sometimes called the in rem exception—was recognized in Julian v. Central Trust Co., 193 U.S. 93, 24 S.Ct. 399, 48 L.Ed. 629; Riverdale Mills v. Alabama & Georgia Mfg. Co., 198 U.S. 188, 25 S.Ct. 629, 49 L.Ed. 1008; Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Lion Bonding & Surety Co. v. Karatz, supra; Munroe v. Raphael, 288 U.S. 485,

53 S.Ct. 424, 77 L.Ed. 910; Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967; Mandeville v. Canterbury, 318 U.S. 47, 63 S.Ct. 472, 87 L Ed. 605.

[17] See United States v. United Mine Workers, 330 U.S. 258, 67 S.Ct. 677, 91 L. Ed. 884; United States v. Inaba, D.C.E.D. Wash., 291 F. 416; United States v. Babcock, D.C.Ind., 6 F.2d 160; United States v. McIntosh, D.C.E.D.Va., 57 F.2d 573; United States v. Dewar, D.C.Nev., 18 F. Supp. 981; United States v. Phillips, D.C. N.D.Okl., 33 F.Supp. 261.