## MONTAGUE MFG. CO. v. TEN WEEGES et al.

## COMMERCE TRUST CO. v. BASIC MFG. CO.

### (Circuit Court of Appeals, Fourth Circuit. March 10, 1924.)

#### No. 2182.

Appearance ⊗⟹24(2)—Failure of writ to command summons of defendant waived by general appearance.

> The only purpose of the provision of Code Va. 1919, § 6389, requiring a writ of attachment to "command the sheriff or other officer to summon the defendant," is to bring the defendant into court, and a defect in the writ by omission of such command was waived by a general appearance of the defendant to contest the claim, and the filing of a counterclaim.

Appeal from the District Court of the United States for the Western District of Virginia, at Lynchburg; Henry Clay McDowell, Judge.

Suit in equity by the Commerce Trust Company against the Basic Manufacturing Company, for which Charles H. Ten Weeges was appointed receiver. From an order dismissing its petition, setting up an attachment lien, the Montague Manufacturing Company appeals. Reversed.

A. B. Dickinson, of Richmond, Va. (Harrison, Long & Williams, of Lynchburg, Va., on the brief), for appellant.

Charles & Duncan Curry, of Staunton, Va., for appellees.

Before WOODS and ROSE, Circuit Judges, and WATKINS, District Judge.

WOODS, Circuit Judge. In October, 1920, Montague Manufacturing Company brought an attachment suit against Basic Manufacturing Company, a foreign corporation, in the circuit court of Louisa county, Va. The attachment was levied on property of the defendant. The writ, however, did not "command the sheriff or other officer to summon the defendant," as required by section 6389 of the Virginia Code of 1919. The cause was removed to the United States District Court for the Western District of Virginia. In that court the defendant appeared generally and defended on the merits by filing "grounds of defense," in which it alleged that the plaintiff's charges were excessive. The defendant at the same time pleaded set-off and counterclaim. While the action was pending in the federal court on the issues thus made, a receiver of Basic Manufacturing Company was appointed by the United States District Court for the District of Delaware, and the same receiver was appointed in ancillary proceedings in the District Court for the Western District of Virginia.

Thereafter Montague Manufacturing Company, by petition and

amended petition, set up its attachment lien in the receivership proceedings. A motion of the receiver to dismiss the petition was granted on the ground that the writ of attachment was fatally defective, in that it did not command the sheriff or other officer to summon the defendant; that this defect had not been waived by the appearance and pleas to the merits, because the attaching creditor was unable to show that counsel for Basic Manufacturing Company knew of the defect when the voluntary appearance and defense on the merits were made.

We think the District Court erred. The only purpose of the command to the officer to summon a defendant, required by the statute, is to bring him into court and allow and require him to make his defense, if he has any. By voluntarily coming into the cause, contesting plaintiff's claim and pleading counterclaim and set-off, without reservation, the defendant does for himself all that the statute required that the plaintiff do for him. Toland v. Sprague, 12 Pet. 300, 330, 9 L. Ed. 1093; Irvine v. Lowry, 14 Pet. 293, 298, 10 L. Ed. 462; Henderson v. Carbondale Coal & Coke Co., 140 U. S. 25, 40, 11 Sup. Ct. 691, 35 L. Ed. 332; Merchants' Heat & Light Co. v. J. B. Clow & Sons, 204 U. S. 286, 27 Sup. Ct. 285, 51 L. Ed. 488; Board of Supervisors v. Proffit, 129 Va. 13, 105 S. E. 666.

The lack of service, or defects in service, if not known to a defendant before he pleads, are easily ascertainable. The plaintiff owes him no duty to point them out.

Reversed.