## In re L. M. AXLE CO.

## L. M. AXLE CO. v. WELLS.

(Circuit Court of Appeals. Sixth Circuit. January 9, 1925.)

### No. 4278.

1. **Bankruptcy ⚖️440—Order dismissing petition to review order approving trustee's report of sale reviewable only on petition to revise.**

An order dismissing petition of bankrupt to review referee's order approving trustee's report of sale is properly reviewable on petition to revise and not by appeal.

2. **Bankruptcy ⚖️252—Jurisdiction to approve compromise conferred by Bankruptcy Act not by general orders in bankruptcy.**

Bankruptcy Act, § 27 (Comp. St. § 9611), confers jurisdiction on bankruptcy court to approve a compromise made by the trustee of any controversy arising in administration of the estate, and such jurisdiction is not conferred by general orders promulgated by Supreme Court in accordance with provisions of section 30 (Comp. St. § 9614).

3. **Bankruptcy ⚖️22—General orders relating to procedure should be enforced, but, where purposes have been accomplished, technical objection unavailable.**

The general orders promulgated by Supreme Court under Bankruptcy Act, § 30 (Comp. St. § 9614), in so far as they relate to procedure and prescribe rules of practice, must be construed with reference to the purpose to be accomplished. It is the duty of the bankruptcy court to enforce these orders; but, where such purposes have been fully accomplished, a mere technical objection is unavailable.

4. **Bankruptcy ⚖️252—Written application for authority to settle controversies held a "petition" within meaning of general orders.**

A written application for authority to compromise controversies, under Bankruptcy Act, § 27 (Comp. St. § 9611), is a "petition" within the meaning of General Order XXVIII, whether it be designated "petition" or "application."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Petition.]

5. **Bankruptcy ⚖️252—Written application held sufficient to invoke jurisdiction of bankruptcy court to approve trustee's compromise.**

A written application, filed under provision of General Order XXXIII, is sufficient to invoke jurisdiction of bankruptcy court conferred by Bankruptcy Act, § 27 (Comp. St. § 9611), to approve a compromise made by trustee of any controversy arising in administration of estate, and this necessarily includes jurisdiction to determine sufficiency of application, and, if necessary, to grant leave to amend.

6. **Bankruptcy ⚖️252—Written application of trustee for approval of compromise held sufficient when construed in connection with report of sale.**

A written application of trustee under General Order XXXIII to have approved a compromise under authority of Bankruptcy Act, § 27 (Comp. St. § 9611), which sets forth the subject-matter of the controversy, taken in connection with report of sale, *held* to sufficiently advise the court and interested parties as to the trustee's reason for recommending compromise, and objection that application was insufficient was untenable.

Appeal from and Petition for Revision of Proceedings of the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

In the matter of the L. M. Axle Company, bankrupt. From an order dismissing the petition of the bankrupt to review an order of the referee approving the trustee's report of sale, the bankrupt appeals and petitions to revise. Appeal dismissed, and order dismissing the petition to review affirmed.

Rufus Day, of Cleveland, Ohio (Day & Day, of Cleveland, Ohio, of counsel), for appellant.

Howard F. Burns, of Cleveland, Ohio (Howard F. Burns, of Cleveland, Ohio, of counsel), for appellee.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. **[1]** This case is here upon a petition to revise and upon appeal from an order of the bankruptcy court dismissing the petition of the bankrupt to review an order of the referee approving the trustee's report of sale, including as incident thereto, and as part of the conditions of sale, the settlement and compromise of controversies in reference to debts and other claims due or belonging to the estate of the bankrupt from the purchaser and his associates and debts against the bankrupt estate claimed to be due and owing to the purchaser.

The case is properly before this court upon petition to revise. In re Baxter, 269 F. 344, 346; Barnes v. Pampel, 192 F. 525, 113 C. C. A. 81. The remedy by appeal and petition to revise are mutually exclusive. In re National Discount Co., 272 F. 570.

For the reasons stated the appeal must be dismissed.

**[2, 3]** The jurisdiction of the bankruptcy court to approve a compromise made by the trustee of any controversy arising in the administration of the estate is conferred by section 27 of the Bankruptcy Act (Comp. St. § 9611) and not by the General Orders promulgated by the Supreme Court in accordance with the provisions of section 30 (Comp. St. § 9614) of that Act. These

General Orders have the force and effect of law, but, in so far as they relate to procedure and prescribe rules of practice, they must be construed the same as statutes of like character with reference to the purpose to be accomplished. General Orders XXVIII and XXXIII cover in part the same subject-matter and relate particularly to procedure. They prescribe a rule of practice by which any and all persons interested in the bankrupt estate may be fully advised of the matters to be presented to the court for its approval and afford an opportunity to such interested parties to be heard. It is the duty of the bankruptcy court to enforce the provisions of these general orders, but, where the purposes thereof have been fully accomplished, a mere technical objection cannot avail. Montague Mfg. Co. v. Ten Weeges (C. C. A.) 297 F. 221.

General Order XXVIII provides that the trustee, the bankrupt, or any creditor who has proved his debt may file a petition for authority to settle "any debts or other claims due or belonging to the estate of the bankrupt," but does not specify what such petition shall contain.

[4] A written application for authority to settle such controversies is a · petition within the meaning of General Order XXVIII, regardless of whether it be designated "petition" or "application." In so far as the written application in · this case asks approval or authority to settle debts due or belonging to the estate of the bankrupt, it meets every requirement of this General Order.

General Order XXXIII relates particularly to an application for authority to submit a controversy arising in the settlement of a demand against the bankrupt's estate or for a debt due to it, to the determination of arbitrators. The provision as to what shall be set forth in the application is sufficient to show that it is the purpose and intent of this General Order to require the application to be in writing. If a controversy is to be submitted to arbitrators, it is clear that it would be advantageous, if not absolutely necessary, to set forth in writing the subject-matter of the controversy and the reasons why the trustee thinks it proper to submit that controversy to arbitration.

[5] A written application, filed under the provision of General Order XXXIII, is sufficient to invoke the jurisdiction of the bankruptcy court conferred by section 27 of the Bankruptcy Act, to approve a compromise made by the trustee of any controversy arising in the administration of the estate, and this necessarily includes jurisdiction to determine the sufficiency of the application filed for that purpose, and, if found insufficient, to grant leave to amend.

Objections to the sufficiency of the application should be made at the first opportunity. In this case the bankrupt appeared in court at least upon two occasions before any objection whatever was made in reference to the insufficiency of this application. At these two hearings the trustee fully stated the nature of the controversy and his reasons for believing that it was proper and to the best interest of the bankrupt's estate to settle the controversy. The bankrupt also appeared by counsel, and his objections to such settlement were fully stated. It therefore appears that the bankrupt and all other persons interested in the settlement of this estate were fully advised of the exact nature of these claims, the controversy in reference thereto, and the reasons that induced the trustee to think they should be settled and compromised.

The objection filed by the bankrupt not only attacks the sufficiency of the application, but also contains a plea to the merits, in that it alleges reasons why the compromise of these debts should not be authorized or approved and the sale to Durell should not be confirmed. It therefore appears that the purposes of General Order XXXIII in reference to what the written application shall contain were fully accomplished. Pullman Couch Co. v. Eshelman et al., 1 F.(2d) 885, in which case an application for a writ of certiorari was denied by the Supreme Court. Leach v. Burr, 188 U. S. 510, 513, 23 S. Ct. 393, 47 L. Ed. 567; Montague Mfg. Co. v. Ten Weeges, supra.

[6] However that may be, the application of the trustee, into which is copied the offer of Durell to purchase, does set forth the subject-matter of the controversy, and, taken in connection with the report of sale which was heard therewith and as a part thereof, does advise the court and interested parties as to the reason why the trustee was of the opinion that these claims should be compromised. The objection that the application was not sufficient to invoke the jurisdiction of the court because these reasons were not clearly and distinctly stated in the written application, although fully appearing in the record of the proceedings had before the referee, and evidently clearly understood by the bankrupt and all other interested parties, cannot be sustained. Pullman Couch Co. v. Eshelman et al., supra; Petition of Baxter in Re Orinoco Co.

(C. C. A.) 269 F. 344, 347; section 269, Judicial Code (Comp. St. § 1246).

For the reasons stated, the order of the District Court dismissing the petition to review is affirmed.