# In re KANSAS CITY JOURNAL–POST CO.
## SCHAPIRO v. BOSTIAN.
### No. 12795.

Circuit Court of Appeals, Eighth Circuit.

Aug. 11, 1944.

See also 144 F.2d 791, 812, 815.

H. B. Caldwell and John W. Oliver, both of Kansas City, Mo., for appellant.

Samuel W. Sawyer, A. J. Granoff, and Claude A. Ferguson, all of Kansas City, Mo., for appellee.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

JOHNSEN, Circuit Judge.

The question is on a compromise of an alleged liability and a claim, recommended by the trustee, approved by the referee, and affirmed by the District Court. Morris Schapiro, a creditor, seeks to reverse on the ground that the proceedings before the referee were improper and insufficient as a basis for the approval.

Neither he nor any other creditor had made actual objection to the compromise while it was pending before the referee. He did not assert in his petition for review that the compromise in his judgment was not for the best interest of the estate, or that he did not have sufficient information on which to base a judgment on that point. Nor does he make any such contention in his briefs here.[1] Nowhere has he said that any bona fide basis exists for making an objection to the compromise on its merits. The naked effect of his contention is simply that the referee ought not to be allowed to approve the compromise on the processes and proceedings that were had before him.

The Bankruptcy Act, 11 U.S.C.A. § 1 et seq., and the General Orders in Bankruptcy, 11 U.S.C.A. following section 53, require that the trustee shall petition the court for authority to make a compromise; that, where the matter involves a face amount of over $1,000, at least ten days' notice of hearing must be given to all creditors; and that an opportunity must be afforded all creditors and other persons interested to "appear and show cause, if any they have, why an order should not be passed by the court upon the petition authorizing or directing such an act on the part of the

* * * trustee". Bankruptcy Act as amended, §§ 27, 58, sub. a, 11 U.S.C.A. §§ 50, 94, sub. a; General Orders in Bankruptcy, Orders 28 and 33, 11 U.S.C.A. following section 53.

These provisions would seem to be intended to serve both an informal and a formal purpose. As an informal matter, their purpose apparently is to acquaint creditors generally with what is proposed to be done; to give them an opportunity to appear personally and have the benefit, if they desire it, of all the relevant information which the trustee possesses; to allow them a fair privilege of expressing their views and opinions and the reasons therefor; and to permit the referee to have the advantage of the information thus developed and of the wishes expressed, as factors of consideration in determining what soundly ought to be done. As a formal matter, their purpose is to give creditors legal notice of the opportunity for a hearing, and to afford them the right, if they desire it, to "show cause * * * why an order should not be passed by the court upon the petition authorizing or directing such an act (of compromise) on the part of the * * * trustee," by filing specific objections; by producing evidence or other proper showing in support thereof; by calling the trustee for interrogation under Rule 43(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, if they wish to do so; and by being otherwise fully heard on the merits of their objections.

Where creditors have not been denied or improperly deprived of the opportunity to exercise any of these rights, and the compromise has been approved, such a discretionary approval will not be set aside on appeal, unless the record clearly demonstrates that the court otherwise has acted arbitrarily or that the compromise itself actually is not for the best interest of the estate—and with special force is this true where the compromise has had the approval of both the referee and the District Court. Cf. In re Anderson Thorson & Co., 7 Cir., 125 F.2d 325, 326; Scott v. Jones, 10 Cir., 118 F.2d 30, 32. When it

---

[1] Schapiro could not honestly have asserted that he did not have full information on the claims being compromised and their merits, for they grew out of and were related to the transaction involved in No. 12,791, In re Kansas City Journal-Post Co. (Bostian v. Schapiro), 8 Cir., 144 F.2d 791, this date decided, and the facts underlying them were fully developed in the evidence in that case. For us to assume that he did not actually know all the facts would be to stultify ourselves.

appears that the spirit of the Act and the General Orders has been duly respected, and that their purposes actually have been served, there ordinarily is no room for subsequent technical objections to the proceedings, but the attack must be upon the merits of the order. In re L. M. Axle Co., 6 Cir., 3 F.2d 581, 582.

▉ Schapiro argues here that the trustee's petition to compromise should be held to be defective. But the sufficiency of such a petition, after approval of the compromise, must be tested, not in isolation, but in relation to the circumstances of the situation and the proceedings as a whole. Cf. Pullman Couch Co. v. Eshelman, 4 Cir., 1 F.2d 885, 887, certiorari denied 266 U.S. 631, 45 S.Ct. 197, 69 L.Ed. 478. On such a test, there is no merit in Schapiro's contention—if, indeed, his technical objection even at any time could be regarded as having had any tenable basis.

Schapiro further contends that there never was any "hearing" before the referee in connection with the proposed compromise. The record shows that notice had been duly given to all creditors and that, on the date set, the referee announced in open court: "Well, this notice went to all the creditors and this is the meeting in which the creditors would have a right to express themselves on the matter. I want to hear the expression of creditors on these two compromises. Are there any creditors present who wish to express themselves on whether or not we should accept the compromise or any attorneys here?" No creditor made any expression or asked for any information, but Schapiro's attorney merely stated that his associate was out of the city "and I am sure he wouldn't want the record to show no response to that at all. What the position is I don't know but I would like to preserve the right to communicate with the attorneys for the Trustee and express an opinion one way or the other." The trustee's attorneys also declared that it was necessary for the trustee to obtain some releases from third parties in connection with the compromise, which he had not yet been able to accomplish, and suggested that the matter accordingly be continued.

The referee then entered a continuance for one week, and in like manner thirteen subsequent orders of continuance appear to have been made. The record does not show the last date to which the matter was continued. It does not show that it was under any order of continuance at the time the referee's order of approval was made. It does not show that Schapiro's attorneys ever communicated with the attorneys for the trustee, in accordance with the statement of counsel that "I would like to preserve the right to communicate with the attorneys for the Trustee and express an opinion one way or the other." It does not show that either Schapiro or his attorneys ever indicated to the referee any further intention to voice or file objections to the compromise or any desire for a further hearing. There is no statement in the petition for review or in the briefs here that Schapiro has any such actual intention now or that he believes that any basis exists for doing so, if the order of approval should be reversed. In the absence of any indication of an intention to file objections and a desire for further hearing, the referee treated the matter as having been duly submitted to him for consideration, so far as creditors were concerned.

▉ The manner in which the matter was handled sufficiently gave Schapiro an opportunity to avail himself of the rights granted by the Bankruptcy Act and the General Orders in Bankruptcy, if he had wanted to do so. In fact, the record further shows that five days elapsed between the filing of the referee's memorandum opinion, finding that the compromise was for the best interest of the estate, and the actual entry of the order of approval, and it does not appear that even during this period Schapiro sought in any way to have the referee reopen the matter or hold a further hearing before any final order should be entered.

But Schapiro argues that, if the proceedings before the referee were sufficient in form to constitute an opportunity to be heard, their substance was not such as to permit an order of approval to be entered thereon. Specifically, he contends that "there was no evidence before the Referee upon which he could base a finding that the compromise was * * · * for the best interest of the estate."

▉ The referee's certificate on the petition for review showed that his order of approval was based upon a consideration of the trustee's verified petition and the testimony which had been taken by the trustee over a period of several weeks under section 21, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 44, sub. a (at which Schapiro or his attorneys had at all times been pres-

ent), and which has been made to constitute the record in No. 12,791, In re Kansas City Journal-Post Co. (Bostian v. Schapiro), 8 Cir., 144 F.2d 791, this date decided. The referee had clearly indicated from the bench, while this testimony was being taken, that it was his intention to use it in the various matters which he would be called upon to decide in connection with the estate. He declared: "Well, we are not going to sit here and listen to a lot of testimony and then later be confronted with the fact that we have never heard it. Now, we are not listening to this testimony for any vain purpose or just to take up time. We are hearing this testimony for what it is worth and it will certainly be considered."

In the absence of any objections by creditors to the compromise, or any participation by them in the proceedings with relation to it, the compromise proceedings were in no sense adversary, and the trustee and the referee had the right to treat the testimony as being properly before the referee without any necessity of making a formal offer of it. If Schapiro had chosen to participate in the proceedings and the testimony had been formally offered by the trustee, there was no valid objection that Schapiro could have made to it. He had knowledge of all that was in it, and, in view of the referee's previous statement, it is a fair assumption that he also knew that the testimony was going to be considered. The testimony clearly warranted the referee in approving the compromise, as being for the best interest of the estate. Certainly, under the circumstances of the situation, no right of Schapiro or any other creditor has been prejudiced or invaded by this lack of formality, and we shall not further consider the contention made with respect to it.

Schapiro's final contention is that the referee had no authority to approve the compromise, because it was a different compromise than was described in the notice to creditors. The compromise grew out of and was related to some incidents of the purchase transaction involved in No. 12,791, to which Schapiro was one of the parties. General Properties Co., Inc., in making the offer of compromise had attached as a precautionary condition that the trustee, in addition to his own release, should also furnish a general release to General Properties from Schapiro. The referee's order of approval provided that the offer of compromise should be "accepted in all particulars, except that the said Trustee shall not

be bound to obtain and deliver releases from Morris Schapiro * * * as therein provided." This modification in no way changed the benefits or burdens to the estate. The furnishing or non-furnishing of a release from Schapiro in no way affected the estate or the position of creditors. The compromise as approved was in no sense, therefore, a different compromise so far as the estate was concerned than that which was described in the notice to creditors.

The District Court said: "There does not seem to us to be any real merit in this petition to review. * * * Consideration of the record indicates that full opportunity was given to any creditor, including Schapiro, who desired to be heard but that no objection to the proposed compromise was voiced. It was the considered judgment of the trustee and of the referee * * * that the compromise was for the best interests of this bankrupt estate. That also is our judgment."

The order of the District Court is affirmed.