## In re KANSAS CITY JOURNAL–POST CO. SCHAPIRO v. MIDDLETON.
### No. 17236.

District Court, W. D. Missouri, W. D.

April 30, 1945.

Caldwell, Downing, Noble & Garrity and John W. Oliver, all of Kansas City, Mo., for plaintiff.

Roy W. Rucker, Clif Langsdale, and Roach & Brenner, all of Kansas City, Mo., for defendant.

COLLET, District Judge.

The plaintiff herein was the plaintiff in reclamation proceedings in the Bankruptcy Court in which latter proceedings the question of whether he was entitled to en-

force certain liens against the bankrupt's property was decided in his favor. In re Kansas City Journal-Post Co., D. C., 51 F.Supp. 1009. Three separate actions had been filed in the state court against plaintiff, Harry Newman and the bankrupt company (prior to bankruptcy) by K. P. Middleton for himself and as assignee of other employees of the bankrupt. The present action seeks a permanent injunction restraining the prosecution of the three pending actions against him in the state court. K. P. Middleton and his assignees are former employees and creditors of the bankrupt corporation, The Kansas City Journal-Post Company.

In one of those suits entitled "Petition in Equity" an accounting and the appointment of a receiver is asked. It is also prayed that a foreclosure sale under which Mr. Schapiro acquired title to the physical assets of the bankrupt be set aside.

In the first count of suit No. 482708 pending in the state court entitled "Petition for Money Due" recovery is sought by the plaintiff therein for money due him from the Journal-Post Corporation upon the theory that Morris Schapiro completely owned the Journal-Post, operated it through Newman, and both are personally liable for the obligations of the Journal-Post Corporation.

In the second count of that petition it is alleged:

"That defendant Harry Newman, in October, 1941, was elected president of the Kansas City Journal-Post Company, and did act as publisher of the Kansas City Journal until it ceased publication, on March 31, 1942; that in November 1941, the said defendant Harry Newman, acting for and on behalf of defendant Morris Schapiro, orally promised and agreed that all monies due or thereafter to become due to plaintiff or to the assignors named herein, from the Kansas City Journal-Post Company, would be promptly paid them; that relying on said agreements and promises, the plaintiff and his assignors continued to work for the said Kansas City Journal-Post Company, but notwithstanding said promises and agreements, the said defendant Morris Schapiro and the other defendants have refused to pay plaintiff and his assignors the amounts due them; that there is due from said defendants to plaintiff the sum of $89,066.80."

The third count alleges that Schapiro became obligated when he purchased the bonds and stock of the Journal-Post to deposit $100,000 in cash to the credit of the Company, which, it is asserted, was not done. Wherefore it is alleged that he should be held liable for the unpaid salaries of Middleton and his assignors to the extent of $100,000.

In the third action No. 482709, entitled "Petition for Damages," after alleging plaintiff Middleton's employment by the Journal-Post and its indebtedness to him and those he represents it is alleged in substance that at the time Mr. Schapiro purchased the stock and bonds of the Journal-Post and became its actual owner, Mr. Newman was elected President of the Company and promised Middleton and other employees that their salaries then due and to become due would be promptly paid; that Schapiro obligated himself to deposit $100,000 to the credit and use of the Company which he did but immediately withdrew; that such withdrawal was a part of a malicious, wanton and fraudulent conspiracy between Newman and Schapiro to induce these employees to continue the operation of the Company and defraud them of their compensation. Actual damages in the amount of $100,000 and punitive damages in the same amount are prayed.

The Company was adjudicated a bankrupt soon after its acquisition by Schapiro. The Trustee in Bankruptcy made strenuous efforts to subrogate Schapiro's rights to those of creditors. Those efforts and the history of the bankruptcy proceedings are fully disclosed in In Re Kansas City Journal-Post Co., D. C., 51 F.Supp. 1009; In Re Kansas City Journal-Post Co. (Bostian v. Schapiro), 8 Cir., 144 F.2d 791; Bostian v. Rosen, 8 Cir., 144 F.2d 808, Bostian v. Schapiro, 8 Cir., 144 F.2d 812; Bostian v. Schapiro, 8 Cir., 144 F.2d 815, Schapiro v. Bostian, 8 Cir., 144 F.2d 816; and Bostian v. Newman, 8 Cir., 144 F.2d 819.

The present action is based on the assumption that the Trustee in Bankruptcy represented Middleton and his assignors in the Trustee's efforts to subrogate Schapiro's liens to the rights of all creditors; that all issues involved in the state court proceedings relating to Middleton's claims were fully adjudicated in the bankruptcy proceedings and decided; that thereafter a full and final compromise and settlement was made, with the Court's approval, of all Schapiro's obligations to the bankrupt and its creditors including defendant Mid-

dleton herein; and, that as an incident to the bankruptcy proceedings this Court has the power to and should enjoin the further litigation of these questions in the state court.

■ That jurisdiction to grant the relief sought exists seems well established. 11 U.S.C.A. 11(a) (15), 28 U.S.C.A. § 377, Sec. 262 of the Code, Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195; Continental Illinois Nat. Bank & Trust Co. v. Chicago R. I. & P. R. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110; Steelman v. All Continent Corporation, 301 U.S. 278, 57 S.Ct. 705, 81 L.Ed. 1085; In re Swofford Bros. Dry Goods Co., D. C., 180 F. 549, Zeleznik v. Grand Rivera Theater Co., 6 Cir., 128 F.2d 533; In re Standard Gas & Electric Co., 3 Cir., 139 F.2d 149. But the relief granted must be confined to the restraint of the further litigation of those matters which are res adjudicata. See In re Swofford Bros. Dry Goods Co., supra.

■ The employees of the bankrupt corporation had no right of action against Schapiro or Newman to compel the performance of any obligation either or both owed the corporation. That right rested in the corporation primarily and passed to the Trustee in Bankruptcy upon the adjudication in bankruptcy of the corporation. 11 U.S.C.A. § 110, Collier on Bankruptcy, 14th Ed., Vol. 4, p. 1179; Gochenour v. Cleveland Terminals Bldg. Co., 6 Cir., 118 F.2d 89; Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281; Riggs v. Price, 277 Mo. 333, 210 S.W. 420.

■ It is asserted that since the state court actions are based on fraud and since unliquidated choses in action for fraud are not provable claims in bankruptcy, such claims of creditors do not pass to the Trustee in Bankruptcy. That is partially correct and partially incorrect. Unliquidated choses in action for fraud, against the bankrupt are not ordinarily provable as claims against the bankrupt estate. It is also true that the right of action on such claims of creditors against third parties or other cred-itors does not vest in the Trustee in Bankruptcy. But it does not follow that the right of action on unliquidated choses in action of the bankrupt corporation against creditors or others does not vest in the Trustee in Bankruptcy as the representative of the bankrupt estate and its creditors. In the state court cases the defendant Middleton seeks to enforce an alleged right of action to the return of $100,000, said to be due the bankrupt corporation. He has no such right. His interest as a creditor in that controversy was represented by the Trustee in the bankruptcy proceedings and the respective rights of the bankrupt and Schapiro were determined by those proceedings. He may not therefore now maintain an action in the state court upon any alleged obligation of Schapiro to the bankrupt.

■ But a careful examination of the petitions discloses that in the second count of the "Petition for Money Due," Middleton appears to be asserting a cause of action based on a promise or representations alleged to have been made by Newman for both himself and Schapiro which may or may not give rise to an obligation on the part of one or both to Middleton and other employees to pay their past and future salaries. There is no authority vested in this Court to enjoin the prosecution of such an action. For an action of that character would constitute a controversy between those employees on the one hand and Schapiro and Newman on the other, entirely independent of any obligation owed by Schapiro or Newman to the Bankrupt Corporation.

The relief prayed should be granted to the extent that the defendant Middleton be enjoined from prosecuting the actions in the state court insofar as those actions seek an accounting, the appointment of a receiver, the recovery of damages for failure to deposit $100,000.00 to the credit of the bankrupt corporation, or the withdrawal of such sum after deposit. Formal findings of fact, conclusions of law and judgment will be entered.