**GOROVITZ et al. v. BALKIN et al.**

**Civ. A. No. 51–108.**

United States District Court
D. Massachusetts.

March 30, 1951.

Lurie, Alper & Gorovitz, and Reuben L. Lurie and Samuel Fishman, all of Boston, Mass., for plaintiff.

Frank L. Kozol, Boston, Mass., for defendant Samuel Hurwitz.

Milton C. Wasby and Mintz, Levin & Cohn, all of Boston, Mass., for defendant William M. Howard.

Philip Cowin, Boston, Mass., for defendant Cadillac Fur Corp.

Louis Black and Goulston & Storrs, all of Boston, Mass., for defendants Gabriel Balkin and Esther Balkin.

Lawrence M. Levison and Friedman, Atherton, King & Turner, all of Boston, Mass., for defendant Samuel Hurwitz.

FORD, District Judge.

Plaintiff brings this action as trustee in bankruptcy of Hollywood Furs, Inc., (hereinafter called Hollywood) to recover property and obligations alleged to have been fraudulently transferred or incurred by the bankrupt. The complaint alleges that on November 28, 1949, within one year prior to the bankruptcy, defendants Gabriel Balkin and William M. Howard, who, prior to said date, had been owners of all the capital stock of Hollywood, entered into a written agreement, to which defendant Esther Balkin, wife of Gabriel, and defendant Samuel Hurwitz were also parties, and the effect of which was to leave Howard as sole owner of the outstanding stock of Hollywood. In general, under the terms of the agreement Gabriel Balkin transferred to Hollywood his stock in Hollywood and all the stock of another corporation, Retail Finance Corporation, and the Balkins gave or procured certain releases and warranties. In return, the Balkins received from Hollywood or other parties to the agreement certain property, money, notes, and documents of release and indemnification. In particular, Gabriel Balkin received a series of seventeen promissory notes, each in the amount of $2500, executed by Howard as maker and endorsed by Hollywood and by Hurwitz.

As a result of subsequent transfers, defendant Cadillac Fur Corporation (hereinafter called Cadillac) is now the holder of twelve of those notes allegedly due and unpaid. Cadillac, on June 8, 1950, brought suit in equity in the Superior Court for Suffolk County, Massachusetts, seeking to have Howard and Hurwitz declared liable on said notes and to reach and apply certain property of Howard and Hurwitz to the satisfaction of its claim. Plaintiff trustee in bankruptcy was originally named as a defendant in that action and appeared specially to contest jurisdiction of the court. By agreement of the parties a decree was entered dismissing the bill as against the trustee in bankruptcy.

On November 30, 1949, Hollywood gave to Hurwitz a demand note for $28,500 together with a chattel mortgage on its merchandise, stock in trade, raw material and supplies to secure payment of that note as well as of all other existing or future liabilities of Hollywood to Hurwitz. Hurwitz consequently claims to be a secured creditor of Hollywood to the amount of $92,000, an amount that includes his liabilities as an endorser on the notes previously mentioned. Another judge of this court has already ordered a fund of $92,000 to be set aside from the proceeds of a sale of the bankrupt's assets, answerable to the lien claimed by Hurwitz under his mortgage to the extent the mortgage is valid, and has ordered the validity of the mortgage to be determined by the court in plenary proceedings.

The trustee alleges that the agreement of November 28, 1949 and the transfers made and obligations incurred thereunder are fraudulent under § 67, sub. d(2), of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. d(2), and violate Massachusetts General Laws Ch. 109A, §§ 4–7, inclusive, and § 70, sub. e(1) of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e(1), and that the purchase by Hollywood of its own stock from Balkin was *ultra vires* and illegal under Massachusetts law, and asks to have said agreement and said transfers and obligations determined to be null and void. The complaint recites that the trustee has offered to rescind the entire agreement, tendering to Gabriel Balkin the consideration received from him and demanding return of the money and property transferred to him by Hollywood, and that said tender and demand were rejected. The offer to rescind is renewed in the complaint.

The complaint asks for a preliminary injunction restraining and enjoining defendants pending the determination of this action from further proceedings in Cadillac's suit in the state court against Howard and Hurwitz. An order to show cause issued and the parties were heard solely on the question of whether such an order should

750

issue, the allegations of the complaint being taken as true for the purpose of such hearing.

Plaintiff contends that unless the order issues, irreparable harm will be done to the interests of bankrupt's unsecured creditors which it is the office of the trustee to protect. There are two possible ways in which such interests could be affected as a result of the existence of the notes involved in the state court suit—directly by a claim based on the fact that Hollywood is an endorser on said notes, and indirectly if Hurwitz is held liable on the notes and then succeeds in establishing his claim as a secured creditor under his mortgage with respect to his liability on the notes.

■ It is not necessary at this stage of the proceeding to determine whether the trustee, under the allegations of the complaints, is entitled to avoid Hollywood's direct obligation as endorser of the notes. Cadillac as holder of the notes disavows any intention of enforcing any such liability and has filed no proof of claim against the bankrupt's estate, and the time allowed by the Act for filing such proof of claim has now expired. In the state court action neither Hollywood nor the trustee is now a party and no relief is being sought against them. Clearly, on this ground no restraining order is called for.

■■ Nor does the possible indirect impact of the state court decision justify restraining prosecution of the state court suit. Of course, there is no basis for interference by this court with the suit in the state court so far as Cadillac there seeks a determination of the liability of Howard, for his liability, if it exists, is entirely independent of Hollywood's and the determination made in regard to it cannot in any way affect the bankrupt estate. This court has no jurisdiction to enjoin the prosecution of actions based on such liabilities. In re Kansas City Journal-Post Co., D.C., 60 F. Supp. 849, 851. In itself, Cadillac's claim against Hurwitz is also one to enforce a liability entirely separate from that of the bankrupt. The indirect impact of any decision on Hurwitz's liability arises solely from the existence of the mortgage given to him by Hollywood. The validity of that mortgage and the extent of Hollywood's liabilities under it are not involved either in the instant action or in Cadillac's suit in the state court, but are the subject of a distinct plenary action in this court. Trustee professes to fear that a decision in the state court suit may somehow preclude him from making a full defense against Hurwitz's claims on the mortgage. He did not, however, point out specifically how he would be foreclosed from raising at the proper time any defense available to him. Since he is not now a party to the state court proceedings it is hard to see how he would be bound by anything decided there.

■ So far as plaintiff seeks to set aside, as fraudulent on creditors, obligations incurred by the bankrupt under the November 28, 1949, agreement, under §§ 67, sub. e and 70, sub. e(3) of the Bankruptcy Act, the action can be brought in this court. But plaintiff is seeking to do more than this. He wishes to end not only the obligations of the bankrupt, but also the obligations of all the other parties involved, even as to obligations existing solely among themselves. In effect, he is seeking to rescind the whole agreement. Sections 67, sub. e and 70, sub. e(3) do not give this court jurisdiction of such an action for complete rescission but only of actions to avoid the obligations of the bankrupt itself. Plaintiff is seeking here to exercise the alleged right of Hollywood to recission of a contract to which it is a party, and can bring it only in a court where Hollywood might have brought it. Bankruptcy Act, § 23, sub. b, 11 U.S.C.A. § 46, sub. b. Hollywood could not have brought such an action in this court since all the parties involved are Massachusetts corporations or residents. Plaintiff seeks to enjoin prosecution of the suit in the state court on the ground that the issues should be determined here. Such an argument is untenable when it appears that this court would not have jurisdiction to determine them.

Plaintiff's application for an order restraining the prosecution of Cadillac's suit in the state court is denied.